ANTHONY P. MIELE, COMMISSIONER OF REGISTRATION, ETC., PROSECUTOR, v. DALLAS FLANNAGAN, JUDGE, ET AL., DEFENDANTS.

Argued October 31, 1940—Decided November 1, 1940.

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *Joseph Harrison* and *Ralph E. Lum*.

For the defendants, *Gerald T. Foley*.

PER CURIAM.

The order under review was made by Judge Flannagan in the Essex Common Pleas and directs the District Board of Registry and Election of one of the Newark election districts to permit Harry G. Nelson to vote at the general election on November 5th. The original application was heard by the four Common Pleas judges of Essex county sitting *en banc* and was determined by a majority vote. The authority of the judges thus to sit *en banc* is not raised and is specifically reserved.

The facts are not in dispute. Nelson was a duly registered voter under permanent registration at No. 109 Chelsea avenue, Newark, and his last vote was cast from that address in 1937. In May, 1938, Nelson moved to 18 Cabinet street, Newark, but gave no information thereof to the Commissioner

of Registration. The house to house canvass made by the commissioner in the fall of 1940 divulged that Nelson had removed from the Chelsea avenue address about two years theretofore. It does not appear that information of the new address came to the knowledge of the commissioner or his investigator. On October 22d, 1940, Nelson appeared before the Essex Common Pleas and applied for an order to vote. He had not theretofore applied to the commissioner. The court was of the opinion that, under the statute, the true facts as to the voter's moving, including the absence of fraud, should be established to the satisfaction of the commissioner; that the court could not substitute its judgment for that of the commissioner; and that it was only when the conclusion of the commissioner appeared to be capricious or arbitrary that it could be set aside. The application was thereupon denied without prejudice to an application to the commissioner on the presentation of proofs.

Application was thereupon made by Nelson to the commissioner who expressed to the court his satisfaction with the proof of the applicant but refused to make an order for the stated reason that his authority so to do depended upon the making of an application to that end not later than forty days before the election. Upon that factual basis the court ordered that the district board of election permit the applicant to vote.

The determination of the issue turns largely upon a construction of the 1940 amendments to two sections of the Election law, namely, *R. S.* 19:31-15 and *R. S.* 19:31-11. By the first of these amendments it is provided that "Any person affected by any action of the Commissioner in counties of the first class * * * shall, during the two weeks immediately preceding any election and on election day, have the right to make application to any judge of the court of common pleas of that county for the purpose of obtaining an order entitling him to vote or register in the district in which he actually resides. The burden of proof shall be upon the applicant. The judge of the court of common pleas, if satisfied that the applicant is entitled, under the law, to vote at such election, and after determining the election district in

which such person actually resides, may issue an order directing the district board of that district to permit such person to vote." It is upon that statutory provision that the Common Pleas Court grounded its authority to act. We conceive, however, that construction of that statutory provision is to be made in the light of the fundamental underlying purpose of the statute and of other statutory provisions.

Earlier provisions of that section, which are introduced by the declaration that the procedure therein prescribed is "for the purpose of preventing fraudulent voting and of eliminating names improperly registered," direct that the commissioner in counties of the first class shall, within ninety days after each general election, send by government reply postal card to each registrant who failed to vote at such election, at his registered address, a notice calling upon the registrant to answer certain questions regarding his address. Such a card had been sent, without reply, to Nelson following the last general election. The section further enjoins upon the commissioner in counties of the first class, immediately after the passage of the 1940 amendment and at least once in each fourth year thereafter, and as often as he may deem necessary, the duty to cause the entire registry list to be investigated by house to house canvass to establish the fact of continued residence, removal, death, disqualification or improper registration, and in case of registrants who have been found to the satisfaction of the commissioner in counties of the first class to have moved from one address to another within the same district, to correct his records accordingly, and further in the case of registrants found to have moved from a district in a municipality having permanent registration to another district in the same or another municipality having permanent registration within the county, to cause the permanent registration forms of such registrants to be transferred to the proper registers.

It is urged on behalf of Nelson that these statutory provisions place upon the commissioner the burden in every year in which he shall have made a house to house canvass to ascertain not only that a voter has removed from his former address but to obtain the information as to his new address

and enter the date upon the records accordingly. We think that that burden does not rest upon the commissioner to the extent of creating legal error in the failure to obtain the new address and to amend the records accordingly; and further that, whatever burden is laid upon the commissioner, the voter is not himself relieved from the duty to proceed in accordance with the statutory provisions next cited.

*R. S.* 19:31-11 provides that "In counties of the first class change of residence notice shall be made either by a written request forwarded to the commissioner by mail or by calling in person at the office of the commissioner or the municipal clerk, as the case may be * * * provided, however, that such application for change of residence shall be filed with the commissioner or municipal clerk, as the case may be, on or before the fortieth day preceding any election; provided, further, that any voter who shall move within the same municipality within forty days preceding any election without having made application for change of residence, shall be permitted to vote in the district from which he has moved upon signing an affidavit which shall set forth (1) the date upon which he moved, (2) the address from which he moved, (3) the address to which he moved, and such affidavit shall constitute a transfer to the said new residence for any subsequent election."

We construe the statute to mean that a voter who has moved from one district to another, within the same permanent registration municipality, shall make application to the commissioner or municipal clerk not later than the fortieth day preceding the election, and that the jurisdiction of the commissioner to make the transfer is conditioned upon compliance with that statutory direction. We think that the elimination of the pre-existing proviso of *R. S.* 19:31-11 limiting the making of such application "for change of residence" to the twelfth day preceding the general election, or prior thereto, from the amendment of 1940, *supra,* is demonstrative of a legislative purpose to qualify the voter thus changing his residence only in case he makes the application provided by this section on or before the fortieth day preceding the election.

This leads us to conclude that the commissioner did not err in refusing to transfer the voter.

With respect to the jurisdiction of a judge of the Court of Common Pleas, we think that under the statute referred to, *R. S.* 19:31-15, the power is limited to determining whether the "applicant is entitled, under the law, to vote at such election." Here, as above stated, the conclusion is that this applicant, under the law, was not entitled to vote in the district in which he now resides but is in the same position as if he had not been registered, because no application for transfer was made as required by the statute and no registration was made by him at the only place from which he now would be entitled to vote.

We think, therefore, that the order under review should be set aside; without costs.