Gilbert GREEN, Plaintiff,

v.

**BOARD OF ELECTIONS OF the CITY OF NEW YORK, Louis J. Lefkowitz, Attorney General of the State of New York, and Frank S. Hogan, District Attorney of the County of New York, Defendants.**

**66 Civ. 2005.**

United States District Court
S. D. New York.

Oct. 5, 1966.

Leonard B. Boudin, Rabinowitz & Boudin, New York City, for plaintiff.

Samuel A. Hirshowitz, First Asst. Atty. Gen., and Brenda Soloff, Asst. Atty. Gen., New York City, for defendant Louis J. Lefkowitz, Atty. Gen. of New York.

David T. Austern, Asst. Dist. Atty., New York City, for defendant Frank S. Hogan, Dist. Atty. of County of New York.

## OPINION

TYLER, District Judge.

Plaintiff has applied to this court for an order to convene a three-judge court pursuant to 28 U.S.C. §§ 2281, 2284 for a hearing and determination of his application for a declaratory judgment that Article II, Section 3 of the Constitution of the State of New York, Section 152 of the New York State Election Law, McKinney's Consol.Laws, c. 17, and Section 510-a of the Penal Law of New York, McKinney's Consol.Laws, c. 40, are unconstitutional. In his complaint, he seeks both a preliminary and permanent injunction against enforcement of the aforementioned statutory provisions by the defendants or their agents. He also seeks an order directing the Board of Elections of the City of New York to permit him to vote in the next general election.

Green was convicted in this court of conspiracy to overthrow the government of the United States. 18 U.S.C. § 2385. On October 21, 1949, he was sentenced to a term of five years and fined $10,000. Thereafter he was convicted in this court of contempt for failing to surrender to the authorities following his conviction. As a result of this contempt conviction, he was sentenced on March 26, 1956, for a term of three years to run consecutively with his conspiracy sentence.

On July 29, 1961, Green was granted a conditional release on parole. His parole status was concluded on August 23, 1963. It is conceded that Green has not received a Presidential Pardon. It is also conceded that under federal law, the crimes for which Green was convicted constitute felonies.

The constitutional and statutory provisions which plaintiff here assails are set forth as follows:

Article II, Section 3 of the New York State Constitution provides in pertinent part:

"§ 3.   Persons excluded from the right of suffrage.

\*      \*      \*      \*      \*      \*

The legislature shall enact laws excluding from the right of suffrage all persons convicted of bribery or of any infamous crime."

Section 152 of the New York Election Law provides in pertinent part:

"3.   No person who has been convicted of a felony in a federal court, if the offense would constitute a felony under the laws of this state, shall have the right to register for or vote at any election unless he shall have been pardoned or restored to the rights of citizenship by the president of the United States.

4.   No person who has been convicted of a felony in a federal court of an offense of which such court has exclusive jurisdiction, shall have the right to register for or vote at any election unless he shall have been pardoned or restored to the rights of citizenship by the president of the United States."

Section 510-a of the New York Penal Law provides in pertinent part:

"§ 510-a.   Restrictions on voting; persons convicted of crime

No person who has been convicted of a felony shall have the right to register for or vote at any election, except as provided in section one hundred fifty-two of the election law.

The prohibition to vote at an election, contained in any statute of the state, shall not apply to a person heretofore or hereafter convicted of any crime, who has been sentenced or committed therefor to one of the houses

of refuge, or other reformatories organized under the statutes of the state; nor shall the prohibition to vote in any election extend to any person who shall have received a certificate of good conduct granted by the board of parole pursuant to the provisions of the executive law to remove the disability under this section because of such conviction."

■■ In hearing an application for convention of a statutory three-judge court, the power of a single district judge is limited to the threshold or jurisdictional inquiries of

"whether the constitutional question raised is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the case presented otherwise comes within the requirements of the three-judge statute."

Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 1296, 8 L.Ed.2d 794 (1962); accord: Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933); Bell v. Waterfront Comm'n, 279 F.2d 853 (2d Cir. 1960); Stuart v. Wilson, 282 F.2d 539 (5th Cir. 1960). Where the single district judge finds that the constitutional question presented lacks the necessary substance, the complaint will be dismissed for lack of jurisdiction over the subject matter. California Water Service v. City of Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323 (1938); Ex parte Poresky, supra; Morrison v. California, 238 F.Supp. 22 (S.D. Cal.1964).[1]

The Supreme Court has said that the lack of substantiality in a constitutional question may appear "either because it is obviously without merit or because its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject." California Water Service v. City of Redding, supra,

304 U.S. at 255, 58 S.Ct. at 867; accord, Ex parte Poresky, supra, 290 U.S. at 32, 54 S.Ct. 3.

It is true, as plaintiff contends, that the Supreme Court has never directly considered the questions presented by this particular set of facts. It is, however, important to note that, by means of dicta, the Supreme Court has upheld the right of a State to bar felons from the voting rolls.

The Supreme Court case most analogous to the one at hand is Davis v. Beason, 133 U.S. 333, 10 S.Ct. 299, 33 L.Ed. 637 (1890). At issue was the validity of a statute of the territory of Idaho which provided, *inter alia*, that "no person * * * convicted of treason [or] felony * * *; nor any person who is a bigamist or polygamist * * * is permitted to vote at any election * * * within this territory." The proponents of the invalidity of the statute were Mormons who maintained that the portion of the law relating to barring bigamists and polygamists from voting was a law respecting an establishment of religion in violation of the First Amendment to the Constitution and was therefore void.

Discussion in the case thus centered principally upon the problems created by this contention. Justice Field's opinion for the court, therefore, did not discuss directly the particular problems which would have been created if a person like Gilbert Green, convicted of conspiring to overthrow or destroy the government of the United States, had challenged the statute on other constitutional grounds. However, it should be noted that, when Mr. Justice Field stated that the statute

"is not open to any constitutional or legal objection. * * * [I]t simply excludes from the privilege of voting, * * * those who have been convicted of certain offenses * * *", (133 U.S. at 347, 10 S.Ct. at 302),

---

1. In Morrison, plaintiff was a convicted felon out on parole. He sought to convene a three-judge court to rule on the constitutionality of state provisions which prevented him from voting. The court ordered the complaint dismissed for lack of jurisdiction.

he was addressing himself to the validity of the statute as a whole rather than only to that segment which related to the treatment of bigamists and polygamists.

In the case of Lassiter v. Northampton County Board of Elections, 360 U.S. 45, 79 S.Ct. 985, 3 L.Ed.2d 1072 (1959), the validity of a literacy test administered to all voters irrespective of race or color was upheld. In the course of his opinion, Mr. Justice Douglas observed that a state has "wide scope for exercise" of its power to determine voter qualifications. "Previous criminal record" was cited as one of the "obvious examples indicating factors which a State may take into consideration in determining the qualifications of voters". 360 U.S. at 51, 79 S.Ct. at 990, citing Davis v. Beason, supra.

In Trop v. Dulles, 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958), one of the issues was whether or not a statute was penal. In the course of his discussion, Chief Justice Warren said,

"The controlling nature of such statutes normally depends on the evident purpose of the legislature. The point may be illustrated by the situation of an ordinary felon. A person who commits a bank robbery, for instance, loses his right to liberty and often his right to vote. If, in the exercise of the power to protect banks, both sanctions were imposed for the purpose of punishing bank robbers, the statutes authorizing both disabilities would be penal. *But because the purpose of the latter statute is to designate a reasonable ground of eligibility for voting, this law is sustained as a nonpenal exercise of the power to regulate the franchise.* (356 U.S. at 96–97, 78 S.Ct. at 596) (emphasis added).

In the case at bar, plaintiff, who concededly is an unpardoned convict of the crime of conspiring to overthrow or destroy the government of the United States, maintains that the loss of his right to vote by dint of his conviction is not a "reasonable ground of eligibility for voting". It can be argued that plaintiff's position tends to underscore the reasonableness of New York's evident policy to disenfranchise felons as persons not qualified to participate in our elective processes. If ordinary felons are not to be deemed qualified, *a fortiori*, those who have attempted to overthrow the governmental system which depends upon and nurtures the right to vote can be disqualified.

In any event, whatever the nature of the felony for which the disenfranchised party stands convicted, the references to the subject by various Supreme Court Justices over the past one hundred thirty-three years lead me to conclude that the issue raised here by Green is insubstantial. In the words of the Supreme Court, "its unsoundness so clearly results from the previous decisions of this Court as to foreclose the subject". 304 U.S. at 255, 58 S.Ct. at 867. Nowhere has that Court indicated that a provision like the one under discussion is unconstitutional. Various obiter dicta, some recent, suggest the Court's approval of such provisions as those found in New York's constitution and statutes. Thus, a conclusion of insubstantiality can be reached even though the Supreme Court has not squarely ruled on a provision like the one at issue.

In addition, plaintiff's complaint can be characterized as insubstantial on the ground that it is "obviously without merit". Plaintiff asserts, *inter alia*, violation of his right to freedom of speech under the First and Fourteenth Amendments and abridgment of his right to due process of law, to privileges and immunities and to equal protection under the Fourteenth Amendment. The Fourteenth Amendment rights invoked by Green, are found, of course, in section one of the Amendment; section two of that Amendment, though not mentioned by plaintiff, contains language which, in my view, effectively disposes of his contentions.

The latter section provides, *inter alia*, that a state's representatives in Con-

gress will be reduced if male citizens 21 years of age or over in that state are denied the right to vote for any reason "except for participation in rebellion, or other crime * * *". Section two on its face, then, appears to sanction state action to disenfranchise those who commit crimes. Beyond question, New York in its constitution and statutes seeks to do no more than section two of the Fourteenth Amendment permits; for this reason alone, plaintiff's alleged constitutional issues are lacking in substance.

The motion for a statutory court is denied. Counsel are directed to appear in chambers at 4:30 p. m. on October 13, 1966, at which time plaintiff must show cause as to why an order dismissing the complaint should not be entered.