LAW STUDENTS CIVIL RIGHTS RE-SEARCH COUNCIL INC., Toby B. Golick, James C. Mauro, Jr. and William H. B. Rodarmor on behalf of themselves and all other persons similarly situated, Plaintiffs,

v.

Lowell WADMOND, Felix A. Muldoon, Edwin L. Weisl, Mark F. Hughes, Bruce Bromley, Monroe Goldwater, Arthur H. Schwartz, Bernard Teencher, Thomas B. Dyett and Alfred A. Giardino as chairman and members of the Appellate Division First Department Committee on Character and Fitness of Applicants for Admission to the Bar, Defendants.

Stephen Martin WEXLER, H. Gabriel Kaimowitz, the Columbia Law Students Guild, New York City Chapter of National Lawyers Guild, Plaintiffs,

v.

The SUPREME COURT OF the STATE OF NEW YORK, APPELLATE DIVISION, FIRST JUDICIAL DEPARTMENT; the Supreme Court of the State of New York, Appellate Division, Second Judicial Department; the Committee on Character and Fitness, Supreme Court of the State of New York, Appellate Division, First Judicial Department; the Committee on Character and Fitness, Supreme Court of the State of New York, Appellate Division, Second Judicial Department, Defendants.

Nos. 68 Civ. 2917; 68 Civ. 2938.

United States District Court
S. D. New York.

Sept. 25, 1968.

Levy, Gutman & Goldberg, by Jeremiah S. Gutman, New York City, Alan H. Levine, New York City, Rabinowitz, Boudin & Standard, New York City, for plaintiffs.

Louis J. Lefkowitz, Atty. Gen., State of New York, for defendants. Daniel M. Cohen, Asst. Atty. Gen., New York City, of counsel.

## MEMORANDUM DECISION AND ORDER FOR THREE JUDGE COURT

MOTLEY, District Judge.

Plaintiffs in these two actions attack the constitutionality of certain New York statutes, rules and regulations relating to the character and fitness of those seeking admission to the New York bar. More specifically, plaintiffs claim, inter alia, that rights guaranteed them by the First and Fourteenth Amendments to the Federal Constitution are being violated by defendants' enforcement of the statutory and regulatory provisions under attack. Plaintiffs say that these statutes, rules and regulations are unconstitutional on their face and as applied.

The first statute in question is the New York Judiciary Law, McKinney's Consol.Laws, c. 30, § 90(1). That statute confers upon the Appellate Division of the Supreme Court in each Judicial Department the power to admit applicants to the bar upon the state board of law examiners certifying to it that the applicant has passed the required examination. The statute decrees that the Appellate Division shall admit such person to practice "if it shall be satisfied that such person possesses the character and general fitness requisite for an attorney and counselor-at-law." The statute also contains the proviso that the applicant shall be admitted to the bar only if he has complied with the rules in all respects of the Court of Appeals of the State and the Appellate Division.

The Appellate Division is directed by statute (New York Civil Practice Law and Rules, Rule 9401) to appoint a committee for each Appellate Division District "for the purpose of investigating the character and fitness of every applicant for admission to practice." Every application for admission by a person who has been certified by the state board of law examiners must be referred to the committee for the district in which such person actually resides. (New York CPLR, Rule 9402). Unless otherwise ordered by the Appellate Division, "no person shall be admitted to practice without a certificate from the proper committee that it has carefully investigated the character and fitness of the applicant and that, in such respects, he is entitled to admission." (N.Y.C.P.L.R., Rule 9404). "To enable the committee to make such investigation the committee, subject to the approval of the justices of the appellate division, is authorized to prescribe and from time to time to amend a form of statement or questionnaire in which they shall set forth * * * all the information and data required by the committee and the appellate division justices." (N.Y.C.P.L.R., Rule 9404). The committee is enjoined by statute from issuing its certificate to any person and the Appellate Division is precluded by the same law from admitting any person to practice, unless such person, inter alia, shall furnish satisfactory proof to the effect "that he believes in the form of the government of the United States and is loyal to such government." (N.Y.C.P.L.R., Rule 9406).

Rule VIII of the Rules of the Court of Appeals For Admission of Attorneys and Counselors-At-Law (Judiciary Law-Appendix) requires every applicant to

"produce before a Committee on Character and Fitness * * * and file with such Committee evidence that he possesses the good moral character and general fitness requisite for an attorney and counselor-at-law as provided in Section 90 of the Judiciary Law, which must be shown by the affidavits of two reputable persons residing in the city or county in which he resides."

Plaintiffs in 68 Civ. 2938 allege in their complaint that the Judiciary Law § 90, C.P.L.R. Rules 9401–9406, and Rule VIII of the Court of Appeals lack sufficient standards and are in violation of, inter alia, the First and Fourteenth Amendments [1].

With greater specificity, these plaintiffs allege that Rule 9406: 1) improperly requires an applicant to bear an unlimited and indefinite burden of proof of his belief in and loyalty to the form of our government; 2) is unreasonably vague; and 3) improperly makes belief in our form of government a condition of admission to the bar. Also, plaintiffs say belief in our form of government is not reasonably related to the legitimate objectives of the state in determining character and fitness.[2]

Plaintiffs in 68 Civ. 2938 then assail in their complaint certain questions propounded by the Committees on Character and Fitness of the First and Second Departments of the Appellate Division in their questionnaires. Examples of the questions under attack are the following:

"20. Have you participated in activities of a public or private nature or in philanthropic, religious, or social services? If so, state fully.

"21(A). Give the names, addresses, objects of and period of membership in each and every club, association, society or organization of which you are or have been a member." [3]

* * * * * *

"32. Have you written any articles for publication? If so, give the circumstances, the name of publication, the date of publication and the title and subject matter of the article.

* * * * * *

"36. (a) Are you now, or have you ever been at any time (including the time during which you attended high school, college and law school, and including the time during which you engaged in military service or any community activity) a member of any club, association, society or organization or political party.

(b) If answer be yes, give the name, address and objects of each and every such club, association, society or organization or party and state the period of your mem-

1. Complaint, para. 15(a).

2. Complaint, para. 15(b).

3. Questions 20 and 21(A) appearing in Questionnaire of First Department. Other questions attacked are:
"22. (A) Are you now or have you ever been a member of or affiliated in any way with any of the organizations or groups listed as subversive by the Attorney General of the United States?
(B) Have you paid dues to, contributed in any way or signed a petition for any such organization or group?

If your answer is yes to either subdivision of this question, give the following information:
Name and address of organization or group * * *
When you became a member or affiliated with it * * *
Period of your association or connection with it * * *
How and why you became associated or connected with it * * *
How and why you severed your connection with it, if you did."
"23. Have you ever participated in any way whatsoever in the activities of such organizations or groups? If so, to what extent."

bership and your position or title therein."[4]

The foregoing questions are challenged on the ground that they violate the First and Fourteenth Amendments. Plaintiffs say that they are: 1) overbroad and without reasonable limitation; 2) compel disclosure of political beliefs, associations, speech and activities protected by the First Amendment and make such factors relevant in determining admission to the bar; 3) compel disclosure of religious activities, beliefs and associations and likewise make such factors considerations in determining admission to the bar.[5]

Plaintiffs in 68 Civ. 2938 attack the constitutionality of the oaths required in the Committees' Questionnaires on virtually the same constitutional grounds set forth above.[6] The oaths required by the First Department are:

"24(A) Do you believe in the principles underlying the form of government of the United States? State on a rider, in not less than 100 words, what you believe those principles to be.

(B) Can you conscientiously and do you affirm that you are, without any mental reservations, loyal to the Government of the United States?"

The oaths required by the Second Department are as follows:

"33. Do you believe in the principles underlying the form of government of the United States? Briefly state the reasons for your answers.

"34. Do you conscientiously affirm (without any mental reservation) that you are loyal to the Government of the United States of America?"

Plaintiffs challenge on similar constitutional grounds the content of the personal interviews of applicants required by the Committees. Plaintiffs claim that improper inquiry is often made concerning applicant's First Amendment activities.[7]

Finally, plaintiffs assail the practice of the Committees in requiring applicants to obtain and submit affidavits of "character and home life" on the ground that this practice constitutes an unlimited and indiscriminate invasion of the applicants' privacy in violation of the Fourth and Fourteenth Amendments.[8] Similar allegations are made in the complaint in 68 Civ. 2917.[9]

Plaintiffs in both cases claim that the foregoing statutes, rules, regulations and practices have the effect of deterring and inhibiting the exercise of rights of speech, association and belief guaranteed by the First Amendment.

The relief sought by plaintiffs in each action is a declaratory judgment declaring the above statutes, rules, questions and practices unconstitutional and a permanent injunction enjoining defendants from enforcing same.

These actions are before this court on motions by plaintiffs to convene

---

4. Questions contained in Questionnaire of Second Department. Other questions attacked are:
  "35. (a) Are you pledged now or have you ever been pledged to aid in effecting changes in our form of government by force or violence or any other unlawful means?
    (b) Are you now or have you ever been a member of any party or organization created for such purpose or for the propagandizing or the furtherance thereof?

    (c) If answer is yes, state the name of the party or organization.
    (d) Are you now, or have you ever been, a member of the Communist Party, or have you ever been enrolled as a member of the Communist Party?

5. Complaint, para. 15(c) and (d).

6. Complaint, para. 15(e).

7. Complaint, para. 16(a).

8. Complaint, para. 16(b).

9. See paragraphs 6, 8, 9, 10.

three-judge courts pursuant to 28 U.S.C. § 2281 et seq. Plaintiffs in 68 Civ. 2917 also move to consolidate the two suits pursuant to Rule 42(a), Fed.R. Civ.P. The latter motion and the motion to convene a three-judge court in 68 Civ. 2917 were referred to this court, with consent, by Judge Wyatt on August 27, 1968.

■ Only a three-judge district court operating under 28 U.S.C. § 2284 may enjoin the enforcement or execution of a state statute as unconstitutional. Such court must be convened where the constitutional issue or issues are not wholly insubstantial or obviously without merit. Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962); Green v. Board of Elections of City of New York, 259 F.Supp. 290 (S.D.N.Y.1966), aff'd 380 F.2d 445 (2d Cir. 1967), cert. denied, 389 U.S. 1048, 88 S.Ct. 768, 19 L.Ed.2d 840 (1968). Without in any way passing on the substantiality of other constitutional issues raised by plaintiffs, the court finds certain of the constitutional issues not wholly insubstantial.

C.P.L.R. Rule 9406 requires an applicant for admission to the bar to prove his belief in the form of the government of the United States and his loyalty. A substantial constitutional question is raised as to whether placing the burden of proof on the applicant will not deter speech and association protected by the First and Fourteenth Amendments when the consequences of failure of proof are severe and the matter to be proved is difficult of definition. Speiser v. Randall, 357 U.S. 513, 78 S.Ct. 1332, 2 L.Ed. 2d 1460 (1958).

A substantial question is raised as to whether the language of C.P.L.R. Rule 9406 and the required oaths is unconstitutionally vague or broad and consequently infringes upon First Amendment freedoms. Baggett v. Bullitt, 377 U.S. 360, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964); Elfbrandt v. Russell, 384 U.S. 11, 86 S.Ct. 1238, 16 L.Ed.2d 321 (1966); Keyishian v. Board of Regents, etc., 385 U.S. 589, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967); Whitehill v. Elkins, 389 U.S. 54, 88 S.Ct. 184, 19 L.Ed.2d 228 (1967).

The questions set forth above which are contained in the Character Committees' Questionnaires call for a broad disclosure of all of the applicant's activities and associations. A substantial constitutional question is raised as to whether the threat of such disclosure will not deter the prospective member of the bar in his associations while in college and law school in violation of the First and Fourteenth Amendments. Shelton v. Tucker, 364 U.S. 479, 81 S.Ct. 247, 5 L.Ed.2d 231 (1960); Schneider v. Smith, 390 U.S. 17, 88 S.Ct. 682, 19 L.Ed.2d 799 (1968).

Plaintiffs also make an adequate showing of the need for equitable relief. The nature of the wrong claimed is a "chilling" of speech and association while in college and law school, and the wrong claimed would not be remedied by an attack on the regulatory scheme during the process of admission when the damage had been done. Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965).[10]

■ Accordingly, the motions to convene three-judge courts are granted and the cases are referred herewith to the Chief Judge of the Circuit. 28 U.S.C. § 2284.

■ The plaintiffs' motion in 68 Civ. 2917 to consolidate the two suits under Rule 42(a), Fed.R.Civ.P., is improperly presented at this time. The power of a single district judge in hearing an application to convene a three-judge court is limited to the jurisdictional inquiries of whether a substantial constitutional question is presented, a

10. The individual plaintiffs in 68 Civ. 2917 are presently law students and plan to apply for admission to the New York bar. One of the organizational plaintiffs in 68 Civ. 2938 is composed of law students similarly situated. The individual plaintiffs in 68 Civ. 2938 have passed New York's written bar exam and allege infringement of their political and civil rights while awaiting admission.

basis for equitable relief is presented, and 28 U.S.C. § 2281 is otherwise complied with. Green v. Board of Elections of City of New York, supra, 259 F.Supp. at 292; Idlewild Bon Voyage Liquor Corp. v. Epstein, supra, 370 U.S. at 715, 82 S.Ct. 1294. Such a motion might be heard by a single judge of the three-judge court after it is appointed, but then the decision by the single judge is subject to the safeguard of review by the full court before final hearing of the suit, 28 U.S.C. § 2284(5). The motion to consolidate is denied without prejudice to its renewal before either three-judge court.

So ordered.