**Kenneth A. GIBSON, James Dyson, Robert Curvin, Marilyn M. Neal, Laura Kahn and Joseph Frasina, Plaintiffs,**

v.

**George KUGLER, Essex County Board of Elections and John Keenan, Defendants.**

**Civ. A. No. 442–70.**

United States District Court, D. New Jersey.

May 6, 1970.

**1004**

Frank Askin, Newark, N. J., for plaintiffs.

George F. Kugler, Jr., Atty. Gen. of New Jersey, by Jerome M. Katz, Trenton, N. J., for defendants.

Before McLAUGHLIN, Circuit Judge, and COOLAHAN and SHAW, District Judges.

## ORDER

McLAUGHLIN, Circuit Judge.

We have for decision the motion of defendants to dismiss this case on the grounds of (a) plaintiffs failure to set forth in their complaint the basis upon which relief could be granted and (b), no jurisdiction. The New Jersey law involved is that state's permanent registration of voters statute which has been basically in effect in the City of Newark, New Jersey since 1927. The particular section with which we are concerned is N.J.S.A. 19:31–11(a). This reads:

"In all counties within this State, change of residence notices shall be made by a written request, signed by the registrant, forwarded to the commissioner by mail, and actually received by him, or by calling in person at the office of the commissioner or the municipal clerk, except that in a municipality which is a county seat such change of residence shall be made at the office of the commissioner only. The commissioner shall provide change of residence notices in card form for the use of any registered voter moving to another address within the same election district or to another election district within the same county. Copies of these notices shall also be avail-

able at the office of the municipal clerk in each municipality other than a municipality which is a county seat.

\*    \*    \*    \*    \*    \*

provided, however, that such application for change of residence shall be filed with the commissioner or municipal clerk, as the case may be, on or before the fortieth day preceding any election."

Up to now there has never been the slightest suggestion that the above simple, clear method of keeping track of the qualified voters of the various election districts, in this instance of Newark, was in any way discriminatory of any person or persons. It is not denied, as quoted in the leading opinion on the subject, Miele v. Flannagan, 125 N.J.L. 424, 426, 16 A.2d 66, 68 (1940) that inter alia, the permanent registration procedure is "for the purpose of preventing fraudulent voting and of eliminating names improperly registered." The complaint here would have it that because of urban renewal projects, etc., Newark Blacks change addresses more often than other Newark citizens. That is no reason for them, just as for every Newark voter who comes within the above provision, not taking the easy, common sense step needed to fully protect his or her voting rights. There is no legitimate excuse advanced for not doing this. The voter's registration identification card has on it specific instructions what to do in the event the voter moves to a new residence. Newark is the County seat of Essex County. The County Board of Elections offices are in the County Hall of Records located in the center of Newark. Actually, for the forthcoming Newark municipal election, from February 14, 1970 through April 2, 1970 there were forty official registration locations in the city's five wards with most of them open until ten P. M. Twenty more of such places are now available until May 7 in anticipation of the expected run-off election in Newark. For a Newark citizen who in good faith wished or wishes to exercise his franchise at a particular election and who comes within the above

law it would be impossible to miss voting if the single affirmative act of signing the transfer application by the citizen is performed. Gaston County, N. C. v. United States, 395 U.S. 285, 89 S.Ct. 1720, 23 L.Ed.2d 309 (1969) cited by plaintiffs does not touch the situation before us.

We find nothing in plaintiffs' allegations to justify their statement that the above New Jersey law is violative of the Federal Constitution. We strongly suggest that the result sought by plaintiffs, although in the utmost sincerity, could very well destroy the genuinely fair, free elections which the statute protects.

In addition to the above there is a complete failure on the part of the plaintiffs to even suggest that one or more of them are or will be affected by N.J.S.A. 19:31–11(a). It would seem that all of them are eligible to vote in the said election; if moving to a new address concerned them, that item apparently has had their attention. In short, there is no existent controversy existing between plaintiffs and defendants. Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L. Ed.2d 947 (1968). In the situation they are not representative of a person or persons who would come within the statute. Hall v. Beals, 396 U.S. 45, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969); Bailey v. Paterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed. 2d 512 (1962).

Plaintiffs also seek a declaratory judgment that N.J.S.A. 19:31–11(a) is null and void. We have no authority in the above premises to abstractly pass upon the validity of the said state law.

It must be remembered that it is the traditional right of the States to determine the qualifications of voters. This court does not possess that right. This court does and will continue to protect the right of voters, qualified under state law, to participate in elections. United States v. Manning, 215 F.Supp. 272 (W. D.La.1963); Green v. Board of Elections City N. Y., 259 F.Supp. 290 (S.D. N.Y.1966).

The complaint in this cause is dismissed.