**YMCA VOTE AT 18 CLUB, an unincorporated association, by R. Peter Straus, et al., Plaintiffs,**

v.

**The BOARD OF ELECTIONS OF the CITY OF NEW YORK, the Board of Elections of the County of Westchester, Louis J. Lefkowitz, Attorney General of the State of New York, Frank S. Hogan, District Attorney for the County of New York, and Carl A. Vergari, District Attorney for the County of Westchester, Defendants.**

No. 70 Civ. 1814.

United States District Court, S. D. New York.

June 23, 1970.

Robinson, Silverman, Pearce, Aronsohn & Sand, New York City, for plaintiffs; Leonard B. Sand, Barry I. Fredericks, New York City, of counsel.

J. Lee Rankin, Corp. Counsel, New York City, for defendant, Board of Elections of the City of New York; Norman Redlich, Leonard Bernikow, New York City, of counsel.

John J. S. Mead, County Atty., County of Westchester, White Plains, N. Y., for defendants Bd. of Elections of the County of Westchester and Carl A. Vergari, Dist. Atty. for County of Westchester; Julius W. Cohn, Senior Asst. County Atty., of counsel.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, for Louis J. Lefkowitz, Atty. Gen. and Frank S. Hogan, Dist. Atty. for the County of New York; Joel Lewittes, Asst. Atty. Gen., of counsel.

PALMIERI, District Judge.

The plaintiffs are allegedly aggrieved by New York State's constitutional and statutory provisions setting the minimum age for the exercise of the franchise in New York at 21 years. They ask that a three-judge court be convened with a view to obtaining injunctive relief and a declaration of unconstitutionality with respect to these provisions.

The jurisdiction of this Court is based upon the Civil Rights Act, 42 U.S.C. §§ 1983, 1988, and upon Title 28, § 1343(3) of the United States Code. Plaintiffs' basic contention is that the challenged provisions deny them the equal protection of the laws as guaranteed by the Fourteenth Amendment of the United States Constitution. For the reasons which follow, the application for the convening of a three-judge court must be denied and the complaint dismissed.

Plaintiffs contend that notwithstanding the fact that 18 to 21 year old citizens in New York State must bear substantially all of the burdens of full citizenship, they are denied the exercise of the fundamental right to participate in the choice of the government which acts to impose these burdens upon them. They assert that this group of citizens has reached a level of maturity, under the conditions of life in New York in the past few decades, which is comparable to that found among the general population of voters over the age of 21. Thus, they conclude, it is a denial of equal protection to them, as sufficiently mature citizens who are subject to the burdens of citizenship, to be denied the franchise.[1]

---

1. The legal position of the 18-to-21 year old in New York State is not unambiguous. As plaintiffs point out, at 18 a young man becomes liable for the military draft, and is treated as an adult in criminal matters; he is also responsible for the payment of income taxes. He may legally dispose of personalty and realty by will, NYEPTL § 3–1.1; take a job; secure full automobile driving privileges, Vehicle and Traffic Law § 501; purchase alcoholic spirits and beverages, Alcoholic Beverage Control Law § 65; donate blood; Public Health Law § 3123; commit himself to a mental institution, Mental Hygiene Law § 71; and see an X-rated motion picture film of questionable social and moral value. At the same time, several of the above items are not limited to those over 18 years of age: the income of all citizens of whatever age is subject to taxation; those between 16 and 18 may drive a car under a license restricting them to daylight operation, Vehicle and Traffic Law § 501; and provision is made for the employment of minors, under various restrictions and prohibitions, even below the age of 14, Labor Law § 130 et seq. In some instances, those between 18 and 21 are treated apart from those over 21: such an individual may void at will most contracts into which he has entered; he is eligible for special dispositions in federal criminal proceedings under the Federal Youth Corrections Act, 18 U.S.C. §§ 5005–5026; he may not sue in his own name in state or federal courts in New York, Rule 17(b), F.R.Civ.P., and see NYCPLR § 208; if sued in a New York State court, service must be made both upon him personally and upon a parent or guardian, NYCPLR § 309(a); and the employment of girls and women of any age is restricted by law as to permissible hours, e. g., Labor Law §§ 172, 173.

The New York State constitution establishes the right of every citizen to vote in all New York elections, "provided that such citizen is twenty-one years of age or over," and fulfills the residency and literacy requirements. N.Y.Const. Art. II § 1. This provision is restated in the New York Election Law, section 150: "A qualified voter is a citizen who is or will be on the day of election twenty-one years of age, * * * " Additional sections make it a felony to attempt to register when the individual knows that he is not a "qualified" voter, or knowingly to attempt to vote when not qualified. N.Y.Election Law §§ 422, 436. Parenthetically, it is of interest that forty-six other states presently impose a 21-year old voting requirement.

## Threshold Considerations Foreclose Any Judgment by a Three-Judge Court

■■ This matter presents the Court with a precise and limited function. "The court's inquiry is appropriately limited to determining whether the constitutional question raised is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the case presented otherwise comes within the requirements of the three-judge statute." Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 1296, 8 L. Ed.2d 794 (1962). And the failure to raise a substantial constitutional question "may appear either because [the issue presented] is obviously without merit or because its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject." California Water Service Co. v. City of Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 867, 82 L.Ed. 1323 (1938). Accord Bynum v. Connecticut Commission on Forfeited Rights, 410 F.2d 173, 176 (2d Cir. 1969); American Commuters Ass'n v. Levitt, 405 F.2d 1148, 1150 (2d Cir. 1969); Green v. Board of Elections of City of New York, 380 F.2d 445, 448 (2d Cir. 1967). Neither of the tests for lack of substantiality, i.e., foreclosure by past decisions or an obvious lack of merit, is susceptible of application with mathematical precision. Where the federal question is insubstantial the complaint may be dismissed, particularly in view of the burden in time and effort which the convening of a three-judge court places on the judicial system, American Commuters Ass'n v. Levitt, *supra,* and cases cited therein; Green v. Board of Elections, *supra;* see Bynum v. Connecticut Commission, *supra,* 410 F.2d at 177. Since this Court believes that the federal question before it lacks substantiality under both tests, a dismissal must follow.[2]

## Insubstantiality for Lack of Merit

■ The right to vote is a fundamental right of citizenship. The United States Constitution entrusts to the states primary responsibility for the fixing of voter qualifications. U.S.Const. Art. I, § 2; Art. II, § 1; Amend. 17. The Supreme Court has consistently restated the principle that the states have broad powers to determine the conditions under which the right to vote may be ex-

2. The actions of the United States Congress and the New York State legislature in seeking to lower the voting age to 18 are not determinative of the issue of substantiality in this Court.

The congressional determination. see Senate bill No. 3405, 91st Congress. Second Session. that denial of the vote to those over 18 is violative of equal protection, stands simply as a finding of the Congress in relation to legislation intended to enforce the Fourteenth Amendment. That determination will itself be subject to scrutiny by the courts under a test differing from that involved in the present case. See Katzenbach v. Morgan, 384 U.S. 641, 86 S.Ct. 1717, 16 L.Ed.2d 828 (1966); Committee on Federal Legislation. The Association of the Bar of the City of New York, Statutory Reduction of the Voting Age, June 11, 1970 (Report submitted to Congress).

Additionally, as this opinion indicates, New York may act to set a minimum age for voters. and it may also act to alter that minimum. The New York legislature's act in doing so need not be based on any consideration that a substantial federal question is involved.

ercised. *E.g.*, Evans v. Cornman, 398 U.S. 419, 90 S.Ct. 1752, 26 L.Ed.2d 370 (June 16, 1970); McDonald v. Board of Election, 394 U.S. 802, 807, 89 S.Ct. 1404, 22 L.Ed.2d 739 (1969); Williams v. Rhodes, 393 U.S. 23, 29, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968); Carrington v. Rash, 380 U.S. 89, 91, 85 S.Ct. 775, 13 L.Ed. 2d 675 (1965); Lassiter v. Northampton County Election Bd., 360 U.S. 45, 50, 79 S.Ct. 985, 3 L.Ed.2d 1072 (1959); Pope v. Williams, 193 U.S. 621, 633, 24 S.Ct. 573, 48 L.Ed. 817 (1904). Thus, while the right to vote is established and guaranteed by the United States Constitution, *e.g.*, Lassiter v. Northampton Election Bd., *supra;* Ex parte Yarbrough, 110 U.S. 651, 663–665, 4 S.Ct. 152, 28 L.Ed. 274 (1884), it is subject to the imposition of standards by the states. These standards may not be discriminatory and may not contravene any restriction that Congress may constitutionally have imposed. *E.g.*, Williams v. Rhodes, *supra*, 393 U.S. at 29, 89 S.Ct. 5, 21 L.Ed.2d 24; Carrington v. Rash, *supra*, 380 U.S. at 91, 85 S.Ct. 775, 13 L.Ed.2d 675; Harper v. Virginia State Bd. of Elections, 383 U.S. 663, 665, 86 S.Ct. 1079, 16 L.Ed.2d 169 (1966). Thus, voter qualifications are subject to scrutiny under the Equal Protection clause. Evans v. Cornman, *supra*; Kramer v. Union Free School Dist. No. 15, 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed. 2d 583 (1969); Harper v. Virginia State Bd. of Elections, *supra;* Carrington v. Rash, *supra*. Certain discriminations are inherently suspect, such as those based on race or wealth. *E.g.*, Kramer v. Union Free School Dist. No. 15, *supra;* Harper v. Virginia State Bd. of Elections, *supra*.

■ In terms of the standards by which discrimination in voter qualifications is to be judged under the Equal Protection clause, a distinction may be drawn, based upon the decisions of the Supreme Court, between state restrictions on the franchise practiced on those otherwise qualified to vote by reason of age, residence, and citizenship, on the one hand, and state decisions to withhold the franchise by reason of the failure to meet age, residence, and citizenship requirements. In the former situations, the Court has held that the state must demonstrate a compelling state interest to justify its infringement of the franchise. Evans v. Cornman, *supra;* Kramer v. Union Free School Dist. No. 15, *supra*; Harper v. Virginia State Bd. of Elections, *supra*; Carrington v. Rash, *supra*. And notwithstanding their arguments to the contrary, the plaintiffs have failed to demonstrate that this case falls within this category of decisions. In the latter situations, however, which are comparable to the case here, the Court has applied the traditional test in the equal protection area, i.e., whether the means chosen by the state bear a reasonable relation to a permissible state end. Lassiter v. Northampton County Election Bd., *supra; see* McDonald v. Board of Election, *supra*, 394 U.S. at 807, 89 S.Ct. 1404, 22 L.Ed.2d 739.

In the present case, the interest of New York State is the protection of the integrity of the franchise through the imposition of a requirement of maturity on the exercise of the franchise. Thus the state seeks to promote "intelligent use of the ballot." Lassiter v. Northampton County Election Bd., *supra*, 360 U.S. at 51, 79 S.Ct. 985, 3 L.Ed.2d 1072. The means chosen to further that interest is the requirement of a minimum age of 21 years for voters. It is clear that the choice of a minimum age of 21 by the people of New York is defensible as a reasonable enactment in furtherance of the state's valid interest. It is clear that fully equal treatment as an adult under the laws of New York is achieved only at age 21, and it has not been established that the 18th birthday is a "magic" date on which a young person becomes a citizen for all purposes except voting. While New York might have chosen a different minimum age between 18 and 21, New York is not compelled, under the Equal Protection clause as presently interpreted, to choose 18 as that minimum age. This Court cannot say that New York's legislative deter-

mination is unreasonable, arbitrary or capricious. Again, although New York might encounter difficulty in raising its minimum age for voting, *e.g.*, U.S.Const. Amend. 14, or in lowering it to an absurd minimum, it is for the state to set a minimum age at which a voter can be deemed qualified. In the present case, New York has done so within the scope of its permissible powers.

### Insubstantiality due to Foreclosure by Prior Decisions

Additionally, an application for a three-judge court may be dismissed if prior decisions, binding on the Court, have foreclosed all possible and otherwise substantial federal questions on the issues presented. California Water Service Co. v. City of Redding, *supra;* Green v. Board of Elections, *supra.* The issues presented need not necessarily have been passed upon in specific holdings of the Supreme Court or the Circuit Court of Appeals. As the Court of Appeals for this Circuit stated in the *Green* case,

> Even though the precise issue has not arisen before the Supreme Court, the propriety of excluding felons from the franchise has been so frequently recognized—indeed put forward by the Justices to illustrate what the states *may* properly do—that such expressions cannot be dismissed as unconsidered dicta.

380 F.2d at 451 (emphasis in original). This language applies with equal force to the case before this Court.

The Justices of the Supreme Court have consistently reiterated that the state has the undoubted power to fix a reasonable minimum age for the exercise of the franchise. Kramer v. Union Free School District No. 15, *supra,* 395 U.S. at 625 (majority), 637, 89 S.Ct. 1886, 23 L.Ed. 2d 583 (dissent); Harper v. Virginia State Bd. of Elections, *supra,* 383 U.S. at 673, 675 n. 4, 86 S.Ct. 1079, 16 L.Ed.2d 169 (dissent); Gray v. Sanders, 372 U. S. 368, 380–381, 83 S.Ct. 801, 9 L.Ed.2d 821 (1963) (majority); Lassiter v. Northampton County Election Bd., *supra,*

360 U.S. at 51, 79 S.Ct. 985, 3 L.Ed.2d 1072 (majority). In the *Kramer* case, the Supreme Court noted that the states have the power to impose reasonable citizenship, age, and residency requirements on the availability of the ballot. 395 U.S. at 625, 89 S.Ct. at 1888, 23 L.Ed. 2d at 588. In the *Lassiter* case, the Court stated that

> Residence requirements, age, previous criminal record * * * are obvious examples indicating factors which a State may take into consideration in determining the qualifications of voters.

360 U.S. at 51, 79 S.Ct. at 990. These express references to age as a valid voter qualification must be read in conjunction with the Court's consistent restatement of the proposition that the states have broad powers with respect to fixing voter requirements. See cases cited above in discussion of insubstantiality of plaintiffs' contention due to lack of merit. The longstanding assumption by the Supreme Court that the states have the authority to set a reasonable minimum age for voters impels this Court to conclude that plaintiffs' contentions are foreclosed by prior, and binding, decisions of the higher courts. Accordingly, under this test as well, plaintiffs have not met their burden of presenting a substantial federal question.

### Conclusion

The Court is not called upon to express any views with respect to the equities of the plaintiffs' position. They may be substantial in the legislative forum, but they cannot be appropriately urged here. The Court notes that the President of the United States signed into law on June 22, 1970, a congressional enactment which seeks to accomplish the national enfranchisement of 18 year old citizens. Additionally, the New York legislature has acted to initiate the steps needed to place this issue before the people of the state as a proposed amendment to the state constitution.

However, the function and responsibility of this Court, are separate and apart

from the considerations which have led to these legislative enactments. It is sufficient in this instance to state that a three-judge court may not be convoked in the absence of a substantial federal question, and that there is none here.

 Accordingly, the motion to convene a three-judge court is denied. As there are no other issues in the case requiring the attention of this Court,[3] the complaint is dismissed.

It is so ordered.

---

3. Today, while this opinion was in the final stage of preparation prior to filing, this Court received by hand delivery a letter from plaintiffs' counsel requesting the Court to issue, pursuant to 28 U.S.C. § 2403, a certificate to the United States Attorney General notifying him of the instant suit and permitting his intervention. The asserted ground for this request *in extremis* was the claim that the complaint challenged the constitutionality of the Voting Rights Act of 1970, signed into law yesterday, June 22, 1970. The complaint which was filed May 5, 1970, mere-ly alluded to the then-pending legislation but did not challenge its constitutionality. Indeed, it is difficult to perceive how a constitutional challenge could be validly asserted with respect to pending legislation not yet enacted into law. In short, there is no basis upon which this Court can issue the requested certificate. See Keyes v. Madsen, 86 U.S.App.D.C. 24, 179 F.2d 40 (1949), cert. denied 339 U.S. 928, 70 S.Ct. 628, 94 L.Ed. 1349 (1950); Weir v. Chicago Plastering Institute, 272 F.2d 883, 888 (7th Cir. 1959).