Mark STEIN, by and through Joseph Stein, as parent and next friend

and

Jonathan G. Williams, by and through Aubrey Williams, as parent and next friend, Individually and as a class action on behalf of others similarly situated

v.

STATE ADMINISTRATIVE BOARD OF ELECTION LAWS, Board of Supervisors of Elections for Montgomery County, and Board of Supervisors of Elections for Prince George's County.

Civ. No. 70–955.

United States District Court, D. Maryland.

Sept. 2, 1970.

Edward L. Genn, Silver Spring, Md., for plaintiffs.

Francis B. Burch, Atty. Gen. of Md., and Henry R. Lord, Asst. Atty. Gen. of Md., Baltimore, Md., for State Administrative Bd. of Election Laws.

William V. Meyers, Hyattsville, Md., for Bd. of Sup'rs of Elections for Prince George's County.

H. Thomas Sisk, Rockville, Md., for Bd. of Sup'rs of Elections for Montgomery County.

FRANK A. KAUFMAN, District Judge.

On June 22, 1970, the President of the United States approved and signed into law Public Law 91–285, 91st Cong., 2nd Sess., H.R. 4249, known as the Voting Rights Act Amendments of 1970, 84 Stat. 314. Title III of that law, and particularly sections 301 and 302 thereof, provides that all persons of the age of 18 or over shall not, by reason of age, be denied the right to vote in any primary or in any election in this country. The effective date of that requirement is January 1, 1971. (See § 305).

The complete text of Title III reads as follows:

*Title III—Reducing Voting Age To Eighteen In Federal, State, And Local Elections*

Declaration and Findings

Sec. 301. (a) The Congress finds and declares that the imposition and

application of the requirement that a citizen be twenty-one years of age as a precondition to voting in any primary or in any election—

(1) denies and abridges the inherent constitutional rights of citizens eighteen years of age but not yet twenty-one years of age to vote—a particularly unfair treatment of such citizens in view of the national defense responsibilities imposed upon such citizens;

(2) has the effect of denying to citizens eighteen years of age but not yet twenty-one years of age the due process and equal protection of the laws that are guaranteed to them under the fourteenth amendment of the Constitution; and

(3) does not bear a reasonable relationship to any compelling State interest.

(b) In order to secure the constitutional rights set forth in subsection (a), the Congress declares that it is necessary to prohibit the denial of the right to vote to citizens of the United States eighteen years of age or over.

### Prohibition

Sec. 302. Except as required by the Constitution, no citizen of the United States who is otherwise qualified to vote in any State or political subdivision in any primary or in any election shall be denied the right to vote in any such primary or election on account of age if such citizen is eighteen years of age or older.

### Enforcement

Sec. 303. (a) (1) In the exercise of the powers of the Congress under the necessary and proper clause of section 8, article I of the Constitution, and section 5 of the fourteenth amendment of the Constitution, the Attorney General is authorized and directed to institute in the name of the United States such actions against States or political subdivisions, including ac-

tions for injunctive relief, as he may determine to be necessary to implement the purposes of this title.

(2) The district courts of the United States shall have jurisdiction of proceedings instituted pursuant to this title, which shall be heard and determined by a court of three judges in accordance with the provisions of section 2284 of title 28 of the United States Code, and any appeal shall lie to the Supreme Court. It shall be the duty of the judges designated to hear the case to assign the case for hearing and determination thereof, and to cause the case to be in every way expedited.

(b) Whoever shall deny or attempt to deny any person of any right secured by this title shall be fined not more than $5,000 or imprisoned not more than five years, or both.

### Definition

Sec. 304. As used in this title the term "State" includes the District of Columbia.

### Effective Date

Sec. 305. The provisions of title III shall take effect with respect to any primary or election held on or after January 1, 1971.

Plaintiffs allege that they are citizens of the United States, that they reside, respectively, in two of Maryland's counties, Montgomery and Prince George's, and that they are, respectively, 19 years and 18 years of age. Both plaintiffs bring this action by and through their fathers and next friends, on behalf of themselves and, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of all others similarly situated.[1] Defendants herein are the election officials of the State of Maryland, of Montgomery County and of Prince George's County.

Article 1, section 1 of the Constitution of the State of Maryland, Md.Ann. Code vol. 9A (1963 Repl.Vol.), makes available

---

1. Plaintiffs appear to bring this class action on behalf of all citizens of the United States who are between the ages of 18 and 21 and who are qualified to vote in all respects except with respect to age.

the voting privilege to citizens, otherwise qualified, who have attained the age of 21 years. Section 301(a) of the 1970 federal law referred to above recites that the denial of the vote to a citizen between the ages of 18 and 21 "abridges the inherent constitutional rights" of such citizens, constitutes "a particularly unfair treatment of such citizens in view of the national defense responsibilities imposed upon such citizens; has the effect of denying to [such] citizens * * * the due process and equal protection of the laws that are guaranteed to them under the fourteenth amendment of the [Federal] Constitution; and * * * does not bear a reasonable relationship to any compelling State interest." Plaintiffs contend that the provisions of article 1, section 1 of the Maryland Constitution (and of certain provisions of article 33 of the Maryland Code enacted pursuant thereto which establish the voting age in Maryland at 21) violate the equal protection and due process clauses of the Fourteenth Amendment of the United States Constitution, that the Congress has itself recognized that violation, and that section 305's denial of the vote in primaries or elections held prior to January 1, 1971, imposes an unconstitutional restriction upon plaintiffs and all those similarly situated.

Plaintiffs seek preliminary and permanent injunctive and declaratory relief and in connection therewith have applied for the convening of a three-judge court pursuant to 28 U.S.C. §§ 2281 and 2284, as well as under section 303 of the new 1970 federal voting rights law. Defendants have filed a motion in opposition to the convening of a three-judge court as well as a motion to dismiss the complaint herein.

In YMCA Vote At 18 Club v. Board of Elections of the City of New York, 319 F.Supp. 543 (S.D.N.Y., filed June 23, 1970), Judge Palmieri rejected a challenge of plaintiffs within the 18 to 21 year old age group to those constitutional and statutory provisions of the State of New York which set the minimum age for the exercise of the voting franchise at 21 years. In that case, plaintiffs also sought the convening of a three-judge court and the issuance of injunctive and declaratory relief. Judge Palmieri concluded that the plaintiffs therein had not presented a substantial federal question. Accordingly, Judge Palmieri denied plaintiffs' motion to convene a three-judge court and dismissed the complaint. Judge Palmieri's opinion was dated and filed June 23, 1970, one day after the President of the United States approved the 1970 federal voting rights law. Both the discussion in the body of his *WMCA* opinion and a final footnote therein show that Judge Palmieri was well informed concerning all developments in connection with the new 1970 federal law.

This Court finds no basis for distinguishing the challenge considered by Judge Palmieri in the *WMCA* case and the attack herein upon the constitutional and statutory provisions of the State of Maryland. Further, this Court finds itself in agreement with the conclusions reached by Judge Palmieri in *WMCA*.[2] Accordingly, this Court holds that Maryland's constitutional and statutory denial of the vote to those between the ages of 18 and 21 neither violates the Constitution of the United States nor poses a substantial legal issue which requires the convening of a three-judge court. "When * * * there is no substantial question for a three-judge court to answer, dismissal of the claim for injunctive relief by the single district judge is consistent with the purpose of the three-judge statutes, and * * * avoids the waste and delay in a cumbersome procedure." Maryland Citizens for a Representative General Assembly v. Governor of Maryland, 429 F.2d 606 (4th Cir. 1970) (footnote omitted) (opinion by Chief Judge Haynsworth).

But even if this Court were to hold that denial unconstitutional, this

---

2. No appeal was taken from Judge Palmieri's opinion in *WMCA*.

Court would still refuse to disturb the date of January 1, 1971 as the effective date of the Title III provisions. Forty-six states currently impose the 21 year old age requirement as a qualification for voting. It is estimated that ten million Americans currently are in the 18 to 21 year old group. To require their registration before the election on November 3, 1970 would obviously impose a heavy and expensive burden on the states. In addition, this Court notes that the constitutionality of the Title III provisions of the new federal voting rights act are presently being challenged in suits pending in the Supreme Court of the United States[3] and that oral argument in connection therewith has been set for October 19, 1970.[4] Therefore, any state required to make available to the 18 to 21 year old group the opportunity to register and vote in the November 3, 1970 general election would necessarily have to set up two systems—one under which such registration would be effective if the Supreme Court sustains the constitutionality of the new federal statutory provisions—and one for the reverse situation. That factor, considered together with the short time available between the date hereof and the November election, requires the application herein of the principles discussed by Chief Judge Haynsworth in Maryland Citizens for a Representative General Assembly v. Governor of Maryland, *supra,* and by Chief Judge Thomsen of this Court in his opinion below in that case, sub nom., Pohoryles v. Mandel, 312 F.Supp. 334 (D.Md.1970), namely, that constitutional changes can be delayed for a reasonable time in order to avoid disruption of a state's election machinery. *And see,* in a different but most import-

ant context, Brown v. Board of Education, 349 U.S. 294, 75 S.Ct. 753, 99 L. Ed. 1083 (1955), and its "with all deliberate speed" implementing language (at 301, 75 S.Ct. at 757).

Plaintiffs seem also to contend that the provisions of section 303(a) afford to them the right to seek a three-judge court without the burden of passing the "substantiality" test discussed *supra.* It is not necessary for this Court to determine herein whether the section 303(a) route is available only to the Attorney General of the United States or is also available to private party plaintiffs, since section 303(a) (2) refers specifically to 28 U.S.C. § 2284 and since in any event there would appear to be no good reason not to apply the substantiality test before calling a three-judge court to consider and determine questions arising under Title III.[5]

For the reasons herein stated, the motion to convene a three-judge court is denied and the complaint is dismissed.

3. Nos. 43, 44, 46, 47, Oct. Term 1970, invoking the original jurisdiction of the Supreme Court, instituted by the States of Oregon, Texas, Arizona and Idaho.

4. Order of the Chief Justice on behalf of the Court dated August 25, 1970.

5. A special election may be held in Prince George's County on January 27, 1971. Registration of the 18 to 21 year old

group is scheduled to take place between November 19, 1970 and December 28, 1970. The complaint herein originally raised questions concerning the adequacy of that registration period in terms of its relationship to the January 27, 1971 date. In oral presentation before this Court, that issue was dropped by counsel for plaintiffs and therefore is not dealt with herein.