Mark STEIN, By and Through Joseph Stein, as parent and next friend, and Jonathan G. Williams, By and Through Aubrey Williams, as parent and next friend, Individually and as a class action on Behalf of others similarly situated, Appellants,

v.

STATE ADMINISTRATIVE BOARD OF ELECTION LAWS, Board of Supervisors of Elections for Montgomery County; and Board of Supervisors of Elections for Prince George's County, Appellees.

No. 15053.

United States Court of Appeals, Fourth Circuit.

Oct. 5, 1970.

Edward L. Genn, Washington, D. C., for appellants.

John P. Diuguid and H. Thomas Sisk, Rockville, Md., for appellee Board of Supervisors of Elections for Montgomery County, Md.

Francis Burch, Atty. Gen., of Maryland, and Henry Lord, Asst. Atty. Gen. of Maryland, for appellee State Administrative Board of Election Laws.

William V. Meyers, for Appellee Board of Supervisors of Elections for Prince George's County.

Before HAYNSWORTH, Chief Judge, and CRAVEN and BUTZNER, Circuit Judges.

PER CURIAM:

The plaintiffs, minor residents of Maryland, brought an action in the District Court requesting that a three-judge court be convened to enjoin the enforcement of Article I, § 1 of the Constitution of Maryland and art. 33, §§ 3–4 and 3–5 of the Code of Maryland, which limit the franchise to persons twenty-one years of age or older, as it applies to the general election to be held in November 1970.[1] The District Court denied the request and dismissed the complaint, holding that no question of substance was presented.

The plaintiffs have moved for an accelerated hearing because their case will be mooted unless they are granted the relief sought before October 5, 1970, the last day on which residents of Maryland may register to vote in the general election. Because of the shortness of time within which to convene a panel of this Court and, if the plaintiffs were to prevail, to convene a three-judge district court to hear the case on the merits, we have considered the appeal on the moving papers, which include memoranda of law and exhibits filed in the District Court by both sides. The parties have submitted these memoranda in lieu of formal briefs.

We find no error in the judgment of the District Court and affirm on the opinion below. 318 F.Supp. 47.

Affirmed.

1. The Voting Rights Act of 1970, 84 Stat. 318, which forbids states to limit the franchise to persons by reason of age above the age of eighteen years, is not in issue here. That Act, by its terms, is inapplicable, since it is to "take effect with respect to any primary or election held on or after January 1, 1971."