329 F.2d 378
 Margaret Donohue Mullin FLAMM, as Executrix of the Last Will and Testament of Charles Flamm, deceased, Plaintiff-Appellant,
v.
Thomas F. HUGHES, Deputy Commissioner, Second Compensation District and Bethlehem Steel Company, Inc., Defendants-Appellees.
 No. 299.
 Docket 28297.
 United States Court of Appeals Second Circuit.
 Argued February 11, 1964.
 Decided March 20, 1964.
 
 Dora Aberlin, New York City, for plaintiff-appellant.
 Edward Berlin, Department of Justice, Washington, D. C. (John W. Douglas, Asst. Atty. Gen., Sherman L. Cohn, Dept. of Justice, Washington, D. C., and Joseph P. Hoey, U. S. Atty. for Eastern Dist. of New York, Brooklyn, N. Y., on the brief), for defendant-appellee Thomas F. Hughes.
 Leonard J. Linden, New York City (Theodore H. Goding, New York City, on the brief), for defendant-appellee Bethlehem Steel Co., Inc.
 Before LUMBARD, Chief Judge, and WATERMAN and FRIENDLY, Circuit Judges.
 LUMBARD, Chief Judge:
 
 
 1
 On March 30, 1950, while in the employ of the Bethlehem Steel Company, Charles Flamm sustained personal injuries when a ladder which he was descending gave way. On July 20, 1951, pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq., Deputy Commissioner Willard found that, from March 31, 1950 to January 30, 1951, Flamm had suffered a temporary total disability, as the result of a back injury, and a 30% permanent partial disability of the left foot.
 
 
 2
 In two suits brought in the Eastern District of New York, Flamm sought unsuccessfully to challenge the determination of the Deputy Commissioner. A third suit in the Eastern District was stayed in 1960 pending further proceedings before Deputy Commissioner Hughes. On October 6, 1961, following further hearings, Deputy Commissioner Hughes modified the 1951 compensation award to provide temporary total disability from March 31, 1950 to January 31, 1952, and permanent partial disability from February 1, 1952 to April 22, 1961. Meanwhile Flamm had died on April 23, 1961. The 1951 award of permanent partial disability, predicated upon partial loss of one leg, was limited under 33 U.S.C. § 908(c) to a prescribed number of weeks. The 1961 award of permanent partial disability, however, predicated upon a combination of infirmities not specifically enumerated in § 908(c), was limited to the remainder of Flamm's life.[1]
 
 
 3
 Upon payment of the 1961 compensation award, the district court action was dismissed. In March, 1962 Mrs. Flamm, as executrix of her husband's estate, requested the Deputy Commissioner to reconsider his decision. When that request was not acted upon, she instituted this action in the Eastern District, charging that § 908 of the Compensation Act is "discriminatory, void and unconstitutional in that it denies to injured workmen the equal protection of the laws and discriminates unfairly against more seriously injured workmen," and requesting the convocation of a three-judge court to enjoin enforcement of that provision. 28 U.S.C. §§ 2282, 2284. Judge Mishler denied that application and dismissed the complaint and from that action Mrs. Flamm appeals.
 
 
 4
 The plaintiff's claim in essence is that § 908(c) erects unconstitutional distinctions among various types of injuries in that it provides a specific schedule of compensation for a limited number of weeks for those injuries resulting in permanent partial disability which are explicitly enumerated in that provision but fails to provide for compensation in accordance with such schedules for permanent partial disability resulting from a combination of injuries not explicitly enumerated. The primary issue here presented is whether this claim raises a substantial federal question; "[t]he lack of substantiality in a federal question may appear either because it is obviously without merit or because its unsoundness so clearly results from the previous decisions of this [Supreme] Court as to foreclose the subject." California Water Service Co. v. City of Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323 (1938). As the claim is obviously without merit as manifested by a decision of the Supreme Court, we hold that the plaintiff's claim fails to raise a substantial federal question.
 
 
 5
 Congress enjoys great latitude in promulgating a statutory scheme for the compensation of workers who may suffer a broad range of injuries in terms of duration and severity. That one may receive greater compensation in certain circumstances for temporary disability than for permanent disability does not lead to the conclusion that the statutory scheme is irrational, for one may not equate the duration of an injury with its severity. Nor is it irrational for Congress to provide a specific schedule of compensation limited to a prescribed number of weeks for enumerated permanent partial disabilities and yet provide compensation for an indefinite period of time for all other injuries leading to permanent partial disability. Thus it is of no constitutional significance that Mr. Flamm's compensation award, cut short by his death, would have been greater if the injuries leading to his disability had been among those enumerated in § 908 (c).
 
 
 6
 In holding the Compensation Act to be constitutional in Crowell v. Benson, 285 U.S. 22, 41, 52 S.Ct. 285, 288, 76 L.Ed. 598 (1932), the Supreme Court stated: "But it cannot be said that either the classifications of the statute or the extent of the compensation provided are unreasonable." It is thus clear that the plaintiff's claim fails to raise a substantial federal question, and the district court quite properly denied the application for convocation of a three-judge court and dismissed the complaint.
 
 
 7
 There is equally little merit in the appellant's contention that the district court should have remanded the case to Deputy Commissioner Hughes for action on her application for reconsideration of the 1961 compensation award. The Compensation Act provides that the deputy commissioner's order shall be final unless proceedings for the setting aside of the order are instituted within 30 days of its filing. 33 U.S.C. § 921. Mrs. Flamm instituted no such action. The provision of the Act, 33 U.S.C. § 922, which permits any party in interest to apply for modification of a compensation award "on the ground of a change in conditions or because of a mistake in a determination of fact" was inapplicable inasmuch as Mrs. Flamm at no time disputed the findings of fact of Deputy Commissioner Hughes. Thus there were ample grounds for the dismissal of the complaint by the district court.
 
 
 8
 The judgment of the district court is affirmed.
 
 
 
 Notes:
 
 
 [1]
 Section 908(c) provides, in pertinent part:
 "Permanent partial disability: In case of disability partial in character but permanent in quality the compensation shall be 66 2/3 per centum of the average weekly wages, which shall be in addition to compensation for temporary total disability or temporary partial disability paid in accordance with subdivision (b) or subdivision (e) of this section, respectively, and shall be paid to the employee, as follows:
 "(1) Arm lost, three hundred and twelve weeks' compensation.
 "(2) Leg lost, two hundred and eighty-eight weeks' compensation.
 "(3) Hand lost, two hundred and forty-four weeks' compensation.
 "(4) Foot lost, two hundred and five weeks' compensation.
 * * *
 "(19) Partial loss or partial loss of use: Compensation for permanent partial loss or loss of use of a member may be for proportionate loss or loss of use of the member.
 * * *
 "(21) Other cases: In all other cases in this class of disability the compensation shall be 66 2/3 per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise, payable during the continuance of such partial disability, but subject to reconsideration of the degree of such impairment by the deputy commissioner on his own motion or upon application of any party in interest."