**GATE FILM CLUB, Plaintiff,**

v.

**Louis M. PESCE, Defendant.**

United States District Court
S. D. New York.

June 11, 1964.

Emanuel Redfield, New York City, for plaintiff.

Louis J. Lefkowitz, Atty. Gen., Albany, N. Y., for defendant; Paxton Blair, Sol. Gen., Ruth Kessler Toth, Asst. Sol. Gen., of counsel.

CASHIN, District Judge.

There are two motions presented to the court for determination in the captioned action. First, plaintiff seeks an order for a preliminary injunction enjoining defendant from interfering with the public exhibition of unlicensed motion picture films, and for the convening of a statutory court of three judges pursuant to 28 U.S.C. §§ 2281, 2284 to determine this application. Second, defendant moves for an order dismissing the complaint.

Prior to any discussion of the motions, a detailed examination of the allegations of the complaint is necessary. Plaintiff, Gate Film Club, is a New York copartnership consisting of James McBride and Jack Baran, doing business under the name of Gate Film Club. Plaintiff is engaged in the business of exhibiting motion pictures to the public, for which service it charges admission fees. Defendant, Louis M. Pesce, is the Director of the Division of Motion Pictures of the Board of Regents of the University of the State of New York.

According to the allegations of the complaint, from January 1964 until the first two weeks in March 1964, plaintiff exhibited films to the public at the Gate Theatre, a theatre in New York City

rented by plaintiff for that purpose. Plaintiff had scheduled the showing of four films there for Monday, March 16, 1964, and had advertised the performance.

Prior to that date, however, defendant notified plaintiff and the owner of the theatre that the motion pictures were required to be submitted to defendant for license through the Division of Motion Pictures, pursuant to the provisions of the Education Law of the State of New York. (N. Y. Education Law, McKinney's Consol. Laws, c. 16, §§ 120–132). He also told them that if the films were shown without such license plaintiff and the theatre owner would be prosecuted criminally.

The complaint further alleges that plaintiff objected to this requirement on the ground that it was an invasion of plaintiff's constitutional right of freedom of expression under the First Amendment of the United States Constitution. Plaintiff refused to apply for a license. According to the complaint, defendant repeated his threats to the theatre owner and, as a result, the March 16, 1964 exhibition was forbidden by the owner and the performance cancelled. At about 6 o'clock on the night of the scheduled performance, defendant and a representative of the Department of Licenses of the City of New York appeared at the Gate Theatre and were present when the theatre owner rejected the plaintiff's formal demand to be permitted to exhibit the films. Plaintiff sought other premises for the showing, but lack of sufficient time prevented the performance that day.

The complaint further alleges that plaintiff desires to show the motion pictures in question, and similar ones, without submitting them to defendant for licensing.

The essence of the action, therefore, is that plaintiff is seeking to exhibit to the public for admission prices in New York State, a program of motion pictures without obtaining a license from the Department of Education of the State of New York.

The complaint concludes with a demand for an injunction and a declaratory judgment that the "applicable laws" of New York are unconstitutional, and a demand that a three-judge court be convened to hear the case. Plaintiff has moved for a preliminary injunction, and defendant has moved for dismissal of the complaint.

There is no claim made in the complaint that the administrative procedure for the obtaining of a license does not provide adequate notice or hearing. The effect of the complaint is to make a broadside attack on the constitutionality of a licensing requirement *as such*. On the allegations of unconstitutionality of the "applicable laws" and the absence of an adequate remedy at law, plaintiff asks this court to initiate the extraordinary procedure provided for in 28 U.S.C. §§ 2281, 2284.

The rules for determining whether the three-judge procedure is warranted were laid down in such cases as Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); Phillips v. United States, 312 U.S. 246, 61 S.Ct. 480, 85 L. Ed. 800 (1941); California Water Service Co. v. City of Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323 (1938); Ex Parte Poresky, 290 U.S. 30, 31–32, 54 S.Ct. 3, 78 L.Ed. 152 (1933). The three-judge requirement is a technical one and is to be construed narrowly. Phillips v. United States, supra, 312 U.S. at 251, 61 S.Ct. 480. "It is * * * the duty of a district judge, to whom an application for an injunction restraining the enforcement of a state statute or order is made, to scrutinize the bill of complaint to ascertain whether a substantial federal question is presented * * *." California Water Service Co. v. City of Redding, supra, 304 U.S. at 254, 58 S.Ct. at 866. That a federal question lacks substance "may appear either because it is obviously without merit or because its unsoundness so clearly results from the previous decisions of this [Supreme] court as to foreclose the subject." Id. at 255, 58 S.Ct. at 867. See also Flamm v. Hughes, 329 F.2d 378 (2 Cir. 1964).

Applying these standards to this case, plaintiff has not shown any circumstances which would necessitate the convening of a three-judge court. The statute which plaintiff attacks is not a new one of constitutionally grave doubt. Rather, it is one which has been appraised and considered over and over again by the United States Supreme Court and the Court of Appeals of New York. Joseph Burstyn, Inc. v. Wilson, 343 U.S. 495, 72 S.Ct. 777, 96 L.Ed. 1098 (1952); Kingsley International Pictures Corp. v. Regents, etc., 360 U.S. 684, 79 S.Ct. 1362, 3 L.Ed.2d 1512 (1958); Trans-Lux Distributing Corp. v. Board of Regents, etc., 14 N.Y.2d 88, 248 N.Y.S.2d 857, 198 N.E.2d 242 (1964).

Indeed, the very issue which plaintiff presents here, i. e., the validity of licensing motion pictures prior to exhibition, was presented and decided in Times Film Corp. v. City of Chicago, 365 U.S. 43, 81 S.Ct. 391, 5 L.Ed.2d 403 (1961). There it was decided that although motion pictures are included within the free speech and free press guaranty of the Constitution, there is no absolute freedom to exhibit publicly, at least once, every kind of motion picture. The Supreme Court phrased the issue in its opinion in that case as follows:

"* * * Admittedly, the challenged section of the ordinance imposes a previous restraint, and the broad justiciable issue is therefore present as to whether the ambit of constitutional protection includes complete and absolute freedom to exhibit, at least once, any and every kind of motion picture. It is that question alone which we decide." Id. at 46, 81 S.Ct. at 393.

Later, in its opinion, the Court stated:

"* * * Petitioner claims that the nature of the film is irrelevant, and that even if this film contains the basest type of pornography, or incitement to riot, or forceful overthrow of orderly government, it may nonetheless be shown without prior submission for examination. The challenge here is to the censor's basic authority; it does not go to any statutory standards employed by the censor or procedural requirements as to the submission of the film." Id. at 47, 81 S.Ct. at 393.

The Court continued:

"Petitioner would have us hold that the public exhibition of motion pictures must be allowed under any circumstances. The State's sole remedy, it says, is the invocation of criminal process under the Illinois pornography statute, * * * and then only after a transgression. But this position, as we have seen, is founded upon the claim of absolute privilege against prior restraint under the First Amendment—a claim without sanction in our cases." Id. at 49, 81 S.Ct. at 394.

See also, Bantam Books, Inc. v. Sullivan, 372 U.S. 58, 70, 83 S.Ct. 631, 9 L.Ed.2d 584 (1963).

It is contended by plaintiff that the decision in Times Film Corp. v. City of Chicago, supra, is inapplicable to the complaint herein, because in Times the plaintiff applied for a license under the statute and then refused to submit the motion picture for examination, whereas in the instant case the plaintiff seeks to avoid the licensing laws altogether. It is the opinion of this court that the distinction is inconsequential.

I conclude, therefore, that a substantial federal question is not presented by the complaint herein. Plaintiff's motion for a preliminary injunction and for the convening of a three-judge court is denied, and defendant's motion for dismissal of the complaint is granted. Bradley v. Waterfront Commission, 130 F.Supp. 303, 305 (S.D.N.Y.1955).

It is so ordered.