**W. E. B. DuBOIS CLUBS OF AMERICA et al., Plaintiffs,**

v.

**Ramsey CLARK, Attorney General of the United States, et al., Defendants.**

**Civ. A. No. 734–68.**

United States District Court

District of Columbia.

June 12, 1968.

Terence Hallinan, San Francisco, Cal., Arthur Kinoy, William M. Kunstler, New York City, David Rein, Washington, D. C., Dennis J. Roberts, George Logan, III, Harriet Van Tassel, Morton Stavis, Newark, N. J., Melvin Wulf, New York City, for plaintiffs.

Francis X. Worthington, Benjamin C. Flannagan, Robert S. Thaller, Attys., Dept. of Justice, Washington, D. C., for defendant, the Attorney General of the United States.

Frank R. Hunter, Jr., General Counsel, Charles F. Dirlam, Asst. Gen. Counsel, Subversive Activities Control Board, Washington, D. C., for defendant Members of the Board.

## MEMORANDUM OPINION

GESELL, District Judge.

Plaintiffs seek to have a three-judge court convened under Title 28 U.S.C. §§

2282 and 2284 to determine the constitutionality of the Internal Security Act of 1950, as amended.[1] The Attorney General of the United States and the members of the Subversive Activities Control Board, the defendants in this case, have separately moved to dismiss the complaint for lack of subject matter jurisdiction.

On March 4, 1966, the Attorney General petitioned the Subversive Activities Control Board for an order, after appropriate hearings, requiring the W. E. B. DuBois Clubs of America to register with the Attorney General as a Communist-front organization.[2] On April 26, 1966, before hearings were held, the DuBois Clubs attempted to bypass the Board by means of a suit in the District Court seeking a declaratory judgment that the registration provisions of the Internal Security Act were unconstitutional and an injunction against any proceedings on the part of the Board.[3] The complaint alleged that the "very pendency of these administrative proceedings * * * has resulted and will continue to result * * * in immediate and irreparable injury to fundamental constitutional rights * * *." A three-judge District Court dismissed the complaint because the DuBois Clubs had failed to exhaust their administrative remedies.[4] The Supreme Court affirmed, per curiam, on December 11, 1967.[5] Rehearing was denied on January 22, 1968.[6]

On March 22, 1968, the DuBois Clubs filed the complaint in this action. Once again, a three-judge court is sought. Once again, the DuBois Clubs seek a declaratory judgment and seek on constitutional grounds to enjoin hearings which have not, as yet, begun.[7] In short, this complaint, in substance, is identical to the earlier one. Only one argument is presented which was not before the first three-judge court, and that argument, based on recent amendments to the act, was the basis for an unsuccessful petition for rehearing by the Supreme Court.

Defendants have moved to dismiss the complaint for lack of subject matter jurisdiction in that the DuBois Clubs have again failed to exhaust their administrative remedies. Defendants' motion will be granted for the following reasons.

On January 2, 1968, Congress amended the Internal Security Act. As far as here relevant, the amendments, among other things, contingently provided for the Board's termination. Public Law 90–237, section 9, 81 Stat. 767, provides in pertinent part:

"The Board shall cease to exist on June 30, 1969, unless in the period beginning on * * * [January 2, 1968] and ending on December 31, 1968, a proceeding under this Act shall have been instituted before the Board and a hearing under this Act shall have been conducted by the Board."

The DuBois Clubs allege that this amendment results in the members of the Board having a direct pecuniary interest in requiring the DuBois Clubs to appear before them irrespective of whether there is any basis in fact for the institution of such a proceeding. It is alleged that to bring plaintiffs before such a "tribunal" would be to deny them their Fifth Amendment right to due process of law under the authority of Tumey v. State of Ohio, 273 U.S. 510, 47 S.Ct. 437, 71

---

1. 50 U.S.C. §§ 781–826, as amended by Public Law 90–237, 81 Stat. 765.

2. This follows the procedure required by the Internal Security Act.

3. The DuBois Clubs attacked 50 U.S.C. § 786(b), (c), and (d), "on their face and as applied" as violations of Article I, § 9, cl. 3, Art. III, and the First, Fifth, Eighth, Ninth, Tenth, Thirteenth, Fourteenth and Fifteenth Amendments of the Constitution.

4. W. E. B. DuBois Clubs of America v. Katzenbach, 277 F.Supp. 971 (1967).

5. DuBois Clubs of America v. Clark, 389 U.S. 309, 88 S.Ct. 450, 19 L.Ed.2d 546 (1967).

6. 390 U.S. 913, 88 S.Ct. 814, 19 L.Ed.2d 886 (1968).

7. The complaint alleges, at page 12, that: "On March 19, 1968, the Attorney General asked for an indefinite continuance

L.Ed. 749 (1927). The Court finds this argument wholly unpersuasive.

 The *Tumey* case does not support plaintiffs' position. There, the Supreme Court held that a criminal defendant had a right to an "impartial judge" and could not be tried before one who had a "direct pecuniary interest in the *outcome*" (emphasis added) and an "official motive to convict." 273 U.S. at 535, 47 S.Ct. at 445.[8] Here, the DuBois Clubs are not criminal defendants and the Board's alleged financial interest does not depend on the outcome of the proposed hearings. It was the Attorney General, and not the Board, who originally petitioned, prior to the amendments to the act, to which plaintiffs object. Indeed, the Board has no power to hold hearings on its own motion.[9] Furthermore, the Attorney General cannot be said to have a financial interest in the outcome of the hearings or in the continued existence of the Board. The amendment to the Internal Security Act, therefore, presents no new constitutional issue which would justify the convening of a three-judge court.

A District Court judge may dismiss a complaint seeking a three-judge court when it appears that the Court lacks subject matter jurisdiction.[10]

In the earlier *DuBois* case, the Supreme Court held:

> "In the context of this case, we decline to require the court below to permit substitution of an injunctive proceeding for the civil proceeding which Congress has specifically provided." 389 U.S. at 313, 88 S.Ct. at 453.

As previously indicated, the Supreme Court later denied plaintiffs' petition for a rehearing, which petition raised and argued the "new" cause of action based on the amendments to the Internal Security Act.

This Court is without jurisdiction over the subject matter of this case, as the Supreme Court has previously ruled.[11] Accordingly, the complaint will be dismissed. No costs shall be assessed.

---

until the decision of the Supreme Court on the Government's motion to modify the Court's ruling in Kollod v. United States, (No. 133, Oct. Term 1967)."

8. In *Tumey*, the defendant was tried by the Mayor of the village of North College Hill, Ohio, for violation of a state prohibition statute. By statute, the Mayor received fees and costs only upon conviction and the village treasury, for which he was responsible, received half of the fine levied upon those convicted.

9. 50 U.S.C. § 792a.

10. California Water Service Co. v. City of Redding, 304 U.S. 252, 254–255, 58 S.Ct. 865, 82 L.Ed. 1323 (1938); Lion Manufacturing Corporation v. Kennedy, 117 U.S.App.D.C. 367, 330 F.2d 833 (1964); O'Hair v. United States, 281 F. Supp. 815 (D.D.C.1968).

11. California Water Service Co. v. City of Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323 (1938).