Reverend Herman L. DRISKELL et al.

v.

Honorable Edwin W. EDWARDS, Governor of State of Louisiana, et al.

No. C.I. 74–339.

United States District Court,
W. D. Louisiana,
Monroe Division.

April 10, 1974.

1

**2**

Jerry L. Finley, Monroe, La., for plaintiffs.

William J. Guste, Jr., Atty. Gen., Baton Rouge, La., Camille F. Gravel, Jr., Alexandria, La., A. Mills McCawley, Robert G. Pugh, Shreveport, La., for defendants.

HUNTER, Chief Judge:

Act 2 of 1972 provided for a Constitutional Convention to meet on January 5, 1973, to frame a new constitution for the State of Louisiana. One hundred and five (105) of the one hundred and thirty-two delegates were elected, and twenty-seven were appointed by the Governor. The function of the Convention was to propose and recommend to the electorate of Louisiana changes and alterations in the existing State Constitution. It had no law-making powers of any kind. It had no power to bind the people of Louisiana; its proposals can have no effect unless and until ratified by approval of the voters at the April 20, 1974, statewide election.

■ On April 5, 1974, plaintiffs brought this action to enjoin the April 20, 1974 election, and to have declared null and void Act 2 of the Louisiana Legislature of 1972, which provided for the Constitution Convention. Plaintiffs contend that the existence of non-elected delegates deprived the voters of the State of equal representation to which they are entitled under the "equal protection" and "due process" clauses of the Fourteenth Amendment to the Constitution of the United States (the one man, one vote principle). They have petitioned that a three-judge court be convened pursuant to 28 U.S.C.A. §2281. When an application for a statutory three-judge court is addressed to a district court, our inquiry is appropriately limited to determining whether the constitutional question raised is substantial, whether the complaint alleges a basis for equitable relief, and whether the case presented otherwise comes within the requirements of the three-judge statute. If these three criteria are met, it is impermissible for a single judge to decide the merits of the case, either by granting or withholding relief. Idlewild Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 1296, 8 L.Ed.2d 794 (1962).

■ There is no contention that the elected delegates were not chosen from districts apportioned in accordance with the one man, one vote guidelines of the United States Supreme Court. Under these circumstances, the law is clear and unequivocal that the existence of non-elected delegates did not deprive the vot-

ers of Louisiana of equal representation to which they were entitled under the Constitution of the United States.

■ The single judge with whom a complaint is filed should not request the convening of a three-judge court where it is clear that no substantial federal question is presented. The highest courts in four states have held that the one man, one vote principle is not applicable to the election of members to a constitutional convention where the only authority of the members is to make proposals which can have no effect unless and until ratified by approval of the voters at a state-wide election. West v. Carr, 212 Tenn. 367, 370 S.W.2d 469, cert. denied 378 U.S. 557, 84 S.Ct. 1908, 12 L.Ed.2d 1034; Stander v. Kelley, 433 Pa. 406, 250 A.2d 474, cert. denied, 395 U.S. 827, 89 S.Ct. 2130, 23 L.Ed.2d 738 (1969); Livingston v. Ogilvie, 43 Ill.2d 9, 250 N.E.2d 138. The logic of these decisions has been well summarized by the Supreme Court of Tennessee, when it noted the difference between a legislative body and a constitutional convention:

> "This conclusion is reinforced when it is considered that neither the delegates nor the convention can take any final action, but are strictly limited to the subjects specified in the call, and as to them, can only make proposals which can have no effect unless and until they are ratified in another election by a vote of the people of the State at large, where every qualified voter will be entitled to vote and every vote given the same weight." West v. Carr, 370 S.W.2d 469, 474.

The same conclusion was reached by the Louisiana Supreme Court in Bates v. Edwards, 294 So.2d 532. The Bates decision was rendered on April 3, 1974, and involved an identical attack on the statute here assailed.

The United States Supreme Court not only denied certiorari in *Carr* and *Kelley* (supra) but has affirmatively stated its own feelings that the one man, one vote principle does not apply to a combi-

nation of elected and appointed officials performing non-governmental functions at the state level. Sailors et al. v. Board of Education, 387 U.S. 105, 87 S.Ct. 1549, 18 L.Ed.2d 650, declares:

> "We find no constitutional reason why state or local officers of the nonlegislative character involved here may not be chosen by the governor, by the legislature, or by some other appointive means rather than by an election."
>
> \*   \*   \*   \*   \*   \*
>
> "At least as respects nonlegislative officers, a state can appoint local officials or elect them or combine the elective and appointive systems as was done here \* \* \*. Since the choice of members of the county school board did not involve an election and since none was required for these nonlegislative offices, the principle of 'one man, one vote' has no relevancy."

The delegates to the Louisiana Constitutional Convention could not and did not take any final action. Their duties were limited to the subjects specified in the call. They were empowered only to make proposals which can have no effect unless and until they are ratified in an election by a vote of the people on April 20th. The delegates have no power to enact provisions of law having a binding effect. The elected delegates were chosen from districts apportioned in compliance with the one man, one vote guidelines of the United States Supreme Court. The existence of the appointed delegates did not dilute the vote of any citizen of the state. This conclusion is so clearly mandated by jurisprudence and common sense that contentions to the contrary are "obviously without merit" and "insubstantial."

■ Accordingly, we must find that no substantial federal constitutional question is presented and the motion to certify for the convening of a three-judge court must be denied.

■■ There is another reason for declining the convocation of a three-judge court at this point in time. We must inquire whether the complaint alleges a ba-

**4**

sis for equitable relief. The granting of an injunction is appropriate whenever the policy of preserving the Court's power to decide the case effectively outweighs the risk of imposing an interim restraint. The reverse of that proposition exists here. If the Court declines, it still retains the power to decide the issues effectively, should they be brought before us in a separate suit after the April 20th election. On the other hand, if we granted the injunction we would have imposed an interim restraint which would, in effect, place irreparable injury on the State. The several millions of dollars which have already been spent on the Constitutional Convention would have been irretrievably lost. The statute under attack was enacted in 1972. This suit was not filed until April 5th of 1974. These facts, together with other balancing equities, persuade us that plaintiffs' petition does not set forth a basis for equitable relief required for the convening of a three-judge court. When we balance the harm that granting the injunction would inflict on defendants with the threat of irreparable harm to plaintiffs, we find that the irreparable harm would accrue to defendants, not the plaintiffs.

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

There is no disputed issue of fact in this case. Plaintiffs complain that the provision of Act 2 of 1972, which permitted the Governor to appoint 15 delegates to the Constitutional Convention to represent the public at large and 12 delegates to represent certain defined classes of Louisiana citizens, violates the Fourteenth Amendment to the United States Constitution. It is alleged that these appointed delegates "dilute the votes of the citizens in violation of the one man, one vote doctrine." For reasons heretofore stated, we find this contention is plainly insubstantial and with-

out merit. In such a case the district judge has the power, and it is his duty, to dismiss. California Water Service Co. v. Redding, 304 U.S. 252, at 254, 58 S.Ct. 865, 82 L.Ed. 1323; Ex Parte Poresky, 290 U.S. 30 at 32, 54 S.Ct. 3, 78 L.Ed. 152.

The motion for summary judgment is granted and the case is dismissed.[1]

---

1. It should be emphasized that there is no attack here upon any provision of the Constitution itself, and this decision does not intimate any opinion in that regard. Any such complaint would be premature and must await the decision of the voters, now scheduled to be rendered at the April 20, 1974 statewide election.