Ocie **NEVILLS** and Charles Tyler, Individually and on behalf of all others similarly situated, Plaintiffs,

v.

**STATE OF ILLINOIS** et al., Defendants.

Civ. No. 74–112–E.

United States District Court, E. D. Illinois.

Oct. 31, 1974.

**624**

Stuart R. Berkowitz, John C. O'Brien, East St. Louis, Ill., for plaintiffs.

Lee D. Martin and Mark Van Pernis, Asst. Attys. Gen. of Ill., Springfield, Ill.; for defendants.

## ORDER

FOREMAN, District Judge:

Plaintiffs have filed this action seeking to enjoin enforcement of certain sections of the Illinois Unemployment Compensation Act.

In Count I, plaintiffs claim that the one (1) week waiting period prescribed by S.H.A. Ch. 48, § 420(D) is in violation of Sec. 303(a)(1) of the Social Security Act, 42 U.S.C. § 503(a)(1).

In Count II, plaintiffs claim that they have a right to unemployment compensation benefits and that S.H.A., Ch. 48, § 420(D), in its complete and total disqualification for benefits for one week, deprives them of property without Due Process in violation of the Four-teenth Amendment to the United States Constitution.

In Count III, plaintiffs claim that the processing of intra-state claims for unemployment compensation is arbitrary, unreasonable, and unduly time-consuming. As a result, plaintiffs' right to receive unemployment compensation when due, as provided in 42 U.S.C. § 503(a)(1), is being violated.

In Count IV, plaintiffs again allege long delays in receiving benefits and contend that such delays are in violation of § 706 of the Illinois Unemployment Compensation Act. Plaintiffs ask that the Court invoke its pendent jurisdiction to decide Count IV.

In Count V plaintiffs allege the same delays and claim that such delays constitute a deprivation of property without due process of law in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

Plaintiffs also request that a three-judge court be convened, pursuant to 28 U.S.C. § 2281. They concede, however, that only the second count's allegation that S.H.A., Ch. 48, § 420(D) is violative of the Fourteenth Amendment to the United States Constitution could compel the convening of the three-judge court. They do seek to have all the issues decided by a three-judge court contending that if it is found appropriate to convene a three-judge court, then all of the questions could be considered by the court, and a decision made on any or all of the issues.

Before a three-judge court may be convened, the constitutional questions raised must be substantial. California Water Service Co. v. City of Redding, 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323 (1938); German v. South Carolina State Ports Authority, 295 F. 2d 491 (4th Cir. 1961). If the constitutional claim is wholly insubstantial, the district judge need not convene a three-judge court. Bailey v. Patterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); Powell v. Workmen's Compen-

sation Board of New York, 327 F.2d 131 (2d Cir. 1964). For the reasons noted more fully herein, the Court determines that the claims of this second count are not sufficiently substantial to warrant the convening of a three-judge court and, accordingly, plaintiffs' motion to convene a three-judge court is hereby denied.

■ The Court next considers the defendants' Motion to Dismiss the Complaint. In considering a Motion to Dismiss, the allegations of the Complaint must be viewed in the light most favorable to the plaintiffs, and all facts well pleaded must be admitted and accepted as true. California Motor Transport v. Trucking, Unlimited, 404 U.S. 508, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972); Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Sinclair v. Atkinson, 290 F.2d 312 (7th Cir. 1961). Accordingly, the facts as alleged in the complaint follow.

Plaintiff Nevills was last employed by the Kas Potato Chip Company of Centralia, Illinois. On or about December 17, 1973 he went into the district unemployment compensation office in East St. Louis, Illinois to register for work and apply for unemployment benefits from the Illinois Division of Unemployment Compensation. Pursuant to S.H. A., Ch. 48, § 420(D), Plaintiff Nevills had to serve a one (1) week waiting period for the week ending December 21, 1973, which is a week for which Plaintiff Nevills will never receive unemployment compensation. At the time of his application, Plaintiff Nevills was not subject to any disqualification period under the Illinois Unemployment Compensation Act and he was so informed by the district office. On February 8, 1974, Plaintiff Nevills finally received his first unemployment check. This check arrived over seven (7) weeks after the date on which his claim for benefits was filed. At no time during this period were there any questions as to his eligibility to receive benefits.

Plaintiff Tyler was last employed by General Motors Corporation of St. Louis, Missouri. On or about February 4, 1974 he went into his district unemployment compensation office in Belleville, Illinois to register for work and apply for unemployment benefits from the Illinois Division of Unemployment Compensation. Pursuant to S.H.A., Ch. 48, § 420(D), Plaintiff Tyler had to serve a one (1) week waiting period for the week ending February 8, 1974, which is a week for which he will never receive unemployment compensation. On February 11, 1974 Plaintiff Tyler received a written notice from the Illinois Bureau of Employment Security stating that he had been found ineligible for benefit payments. Upon receiving this notice he immediately contacted his local office and was told by an employee of Defendants that a clerical error had been made and would be corrected. He was again told that there was no question as to his eligibility. Over three months after the filing of his claim, Plaintiff Tyler had not received any benefit checks.

Defendants have filed a Motion to Dismiss the instant Complaint for failure to state a claim upon which relief can be granted.

The Illinois unemployment compensation program, like those in the other 50 states, is a joint federal-state co-operative effort financed in part by grants from the federal government pursuant to the Social Security Act, 42 U.S.C. § 501 et seq. Funds are raised by a tax imposed upon employers under the Federal Unemployment Tax Act, 26 U.S.C. § 3301 et seq., and that Act provides that a credit of up to 90% can be given to an employer who pays taxes under state laws. The Secretary of Labor must find that the state program conforms to various federal requirements before any federal grants are made to the state program. Plaintiffs concede that with some exceptions, federal law leaves the states fairly free to adopt their own eligibility requirements and disqualification provisions.

The one-week "waiting period" imposed upon Illinois applicants for unem-

ployment compensation is similar to the waiting period established by other states. See, e.g., Iowa Code Annotated § 96.4(4) (one week waiting period); Burns Indiana Statutes Annotated § 52–1538 (one week waiting period); California Code, Unemployment Insurance § 1253 and 1254 (one week waiting period); McKinney's Consolidated Laws of New York Annotated, c. 31, Labor Law § 590(9) (4 day waiting period).

The one-week waiting period serves as a permanent disqualification for benefits for that week. Plaintiffs will never receive any benefits for that seven day period. Therefore, they claim that this disqualification for benefits for that week constitutes a deprivation of property without due process of law in violation of the Fourteenth Amendment. Plaintiffs allege that they are deprived of "substantive due process", as the waiting period deprives them of a right without having any rational basis for doing so. Their claim that benefits for this first week are a right is predicated upon 42 U.S.C. § 503(a)(1) which provides that unemployment compensation shall be paid "when due".

The Supreme Court has noted, "A wide range of judgment is given to the several states as to the particular type of [unemployment compensation] statute to be spead upon their books." Steward Machine Co. v. Davis, 301 U.S. 548, 593, 57 S.Ct. 883, 894, 81 L.Ed.1279 (1936). By implication, the Supreme Court has approved the establishment of a waiting period by saying that the state should determine administratively when unemployment compensation is due. That Court held, "We conclude that the word 'due' [in § 503(a)(1)] . . . ., when construed in light of the purposes of the Act, means the time when payments are first administratively allowed . . . ." California Department of Human Resources v. Java, 402 U.S. 121, 133, 91 S.Ct. 1347, 1355, 28 L.Ed.2d 666 (1971).

In the instant case, the payments for the first weeks have never been authorized for the plaintiffs, so the payments have not been reduced, or eliminated. Plaintiffs were never entitled to receive these payments. The statutorily-required waiting period is not a disqualification of benefits, as plaintiffs contend, but rather it is a condition precedent to eligibility. Plaintiffs were never entitled to receive these payments. Since the plaintiffs were never entitled to receive any payments, nothing has been taken from them.

■ The test of constitutionality of a statute under the due process clause is whether the method of regulation embodied in the statute bears rational relation to a constitutionally permissible objective. Gold v. DiCarlo, 235 F.Supp. 817 (S.D.N.Y.1964) affirmed 380 U.S. 520, 85 S.Ct. 1332, 14 L.Ed.2d 266. The Court feels that there are permissible objectives that support the establishment of a waiting period. The Illinois legislature may have found the waiting period necessary to preserve the sound financial basis for the fund. One of the reasons for enacting waiting periods was to assist in maintaining the solvency of the unemployment compensation fund so that the fund would become and would remain actuarily sound. The defendants contend that the abolition of the waiting period would cost the State of Illinois Nine Million Dollars annually.

■ A three-judge court recently rejected a challenge to the Vermont one-week waiting period on due process grounds, finding "the one-week waiting period, in addition to its obvious need as a grant of time within which to determine a claimant's eligibility, is a reasonable device for conserving the fund's resources and for preserving its integrity." Fenoff v. State of Vermont, (D.Vt. Civil No. 73–264, September 26, 1974). This Court finds that S.H.A., Ch. 48, § 420(D) does not violate the Fourteenth Amendment.

■ In the first count, plaintiffs allege that the waiting period is in contravention of 42 U.S.C. § 503(a)(1) which provides that the unemployment compensation programs must be found "to be

reasonably calculated to insure full payment of unemployment compensation when due." In *Fenoff,* the court also rejected a challenge on the same basis as that alleged here. The state unemployment compensation programs were never intended to produce nor have they in fact produced a total replacement of lost wages. In California Department of Human Resources Development v. Java, 402 U.S. 121, 91 S.Ct. 1347, 28 L.Ed.2d 666 (1971), the Supreme Court found that the purpose of the Act was to give "partial replacement of wages to the unemployed . . . ." (at 131, 91 S.Ct. at 1354). Section 503(a)(1) does not compel the abolition of the relatively brief waiting period and Count II should be dismissed.

█ In Count III, plaintiffs allege that the customs, practices, acts, and regulations of the Bureau of Employment Security, adopted pursuant to Sections 400 and 1701 of the Illinois Unemployment Compensation Act, insofar as they relate to processing initial intrastate claims for unemployment benefits to be payable and making payment thereto, are arbitrary, unreasonable and unduly time-consuming. The Court feels that Count III also fails to state a claim upon which relief can be granted and therefore, must be dismissed.

█ Count V alleges that there are long delays before eligible applicants receive their payments and that these delays constitute a deprivation of property without due process of law in violation of the Fourteenth Amendment. These delays are not a total deprivation of these benefits; they only constitute a postponement of receipt of those benefits. There has been no withdrawal of any benefit for which the state has certified an applicant eligible. While any significant delay in the receipt of unemployment compensation benefits is unfortunate, such delay does not constitute a deprivation within the meaning of the Fourteenth Amendment. Therefore, Count V also must be dismissed for failure to state a claim.

█ In Count IV plaintiffs contend that such lengthy delays before receipt of unemployment benefits are in violation of § 706 of the Illinois Unemployment Compensation Act. Plaintiffs ask that the Court exercise its pendent jurisdiction to decide Count IV. Pendent jurisdiction need not be exercised in every case in which it is found to exist. It is a doctrine of discretion, not of plaintiff's right. United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Moynahan v. Pari Mutuel Employees Guild, 317 F. 2d 209, 211–212 (9th Cir. 1963); Massachusetts Universalist Convention v. Hildreth and Rogers Co., 183 F.2d 497 (1st Cir. 1950). Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims even though bound to apply state law to them. *Gibbs,* supra; Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Because the other four counts are being dismissed at an early stage of this litigation, the Court deems it advisable not to exercise pendent jurisdiction over Count V.

Accordingly, defendants' Motion to Dismiss is hereby granted and this action is hereby dismissed.