Gene BALL, Plaintiff-Appellant,

v.

BOARD OF TRUSTEES OF the KERR-VILLE INDEPENDENT SCHOOL DIS-TRICT et al., Defendants-Appellees.

No. 76–4456.

United States Court of Appeals,
Fifth Circuit.

Nov. 20, 1978.

Rehearing and Rehearing En Banc
Denied Dec. 20, 1978.

Godbold, Circuit Judge, filed a specially concurring opinion.

Joe Mike Egan, Jr., Kerrville, Tex., for plaintiff-appellant.

Lavern D. Harris, Kerrville, Tex., for defendants-appellees.

Before GODBOLD, SIMPSON, and MOR-GAN, Circuit Judges.

PER CURIAM:

This appeal represents one of various stages of litigation in which the appellant Ball has sought judicial relief from his disemployment at the hands of the Board of Trustees of the Kerrville Independent School District. The discrete question on appeal is whether the district court erred in dismissing the appellant's suit for reinstatement. Although relying upon a different methodology, we affirm the judgment of the lower court.

Because an exhaustive recital of procedural and legal history of this case would be exhausting, only those that are pertinent will be forced on the reader. Appellant had taught at the Tivy High School in Kerrville,

Texas for six years continuously prior to the 1969–1970 school year. His one year contract for the 1969–1970 school year was terminated, however, on September 3, 1969 for his refusal to shave a Van Dyke beard. Appellant pursued his administrative remedies to the State Board of Education before whom he was successful. The Kerrville Independent School District elected to continue the administrative procedure by appealing the decision of the State Board to the District Court of Kerr County. Immediately upon notice of the district appeal, appellant filed a § 1983 action against appellees claiming that appellees abridged appellant's fourteenth amendment right of liberty and equal protection. As relief, appellant sought both money damages under the contract and reinstatement. The district court, taking notice of the pending state action, dismissed, directing appellant to seek his relief in the state proceeding in a good faith adversary manner. The dismissal was expressly made without prejudice and the appellant was invited to reinstate whatever federal claim remained after the state proceedings. This court affirmed the dismissal and the Supreme Court refused to grant certiorari. *Ball v. Board of Trustees, Kerrville Ind. School District*, 442 F.2d 408 (5th Cir.), *cert. denied*, 404 U.S. 865, 92 S.Ct. 58, 30 L.Ed.2d 108 (1971). Appellant returned to the state machinery and was ultimately successful in receiving his money damages. He did not ever press his claim for reinstatement, however. Because of this failure, the district court determined that appellant did not litigate his claim in good faith in state court and declined to reinstate federal jurisdiction by dismissing appellant's renewed § 1983 complaint. Appellant then timely appealed the dismissal to this court.

■ The district court dismissed this suit based upon the appellant's failure to submit his entire claim to state determination. In sustaining this dismissal, we find that the appellant failed to raise a substantial federal question. The employment of Ball, an untenured high school teacher employed under a one-year contract at Tivy High School was terminated by the Trustees of the Kerrville Independent School District. The assigned reason was his refusal to shave his Van Dyke beard. Of course, reemployment could be refused, for any reason, or for no reason at all. Having no right to reemployment he had no due process right to a hearing as to the reasons for dismissal. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).

■ A due process claim for violation of a "liberty interest" entitling Ball to a full hearing would arise if—and only if—the reason given or the dismissal procedure adopted resulted in a "badge of infamy," public scorn, or the like. *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Dennis v. S&S Consolidated School District*, 577 F.2d 338, 340–341 (5th Cir. 1978); *Kaprelian v. Texas Woman's University*, 509 F.2d 133, 139 (5th Cir. 1975).

■ But public knowledge that Ball's refusal to shave his beard clearly bore no such taint. It is clear beyond cavil that choosing to wear a beard rather than be clean shaven—or disapproval of either choice—has no effect on a man's profession or his ability to earn a livelihood. State administrative procedures resulted in Ball's being paid his salary in full for the term of his employment. No other or further redress at the hands of the Board of Trustees or its individual members may be had under 42 U.S.C. § 1983, or under any accepted concept of federal constitutional rights. Ball urgently insists on appeal that his federal claim should not have been dismissed below without an opportunity for full hearing. Assuming *arguendo* the academic correctness of this proposition, the claim of violation of a liberty interest by the Board's action is "wholly insubstantial and frivolous." Federal courts do not sit to entertain such claims.

"Lack of substantiality in a federal question may appear either because it is obviously without merit or because its unsoundness so clearly results from previous deci-

sions of [the Supreme Court] as to foreclose the subject." *Mays v. Kirk*, 414 F.2d 131, 135 (5th Cir. 1969), quoting from *California Water Service Co. v. City of Redding*, 304 U.S. 252, 58 S.Ct. 865, 867, 82 L.Ed. 1323 (1938).

This two-pronged test is fully met here.[1] The district court is

AFFIRMED.

GODBOLD, Circuit Judge, specially concurring:

I agree that the district court did not commit reversible error in refusing to reinstate Ball's federal cause of action, but my reasons are different from that stated by the majority.

My colleagues approach this as just another "hair case" and hold that Ball has raised no substantial federal question, that is, no cause of action. This is a ground different from that of the trial court and it was not urged by appellees on this appeal and neither briefed nor argued.[1] The majority decide the due process issue but do not purport to address or reach the equal protection claim which they acknowledge Ball asserted.

This court has decided that "hair regulation" cases brought by high school students do not rise to constitutional dimension. *Karr v. Schmidt*, 460 F.2d 609 (C.A.5) (en banc), *cert. denied*, 409 U.S. 989, 93 S.Ct. 307, 34 L.Ed.2d 256 (1972). In *Lansdale v. Tyler Junior College*, 470 F.2d 659 (C.A.5, 1972) (en banc), *cert. denied*, 411 U.S. 986, 93 S.Ct. 2268, 36 L.Ed.2d 964 (1973), we reached the opposite conclusion for college students. In *Hander v. San Jacinto Junior College*, 519 F.2d 273 (C.A.5, 1975), *opin. aff'd on petit. for reh.*, 522 F.2d 204 (C.A.5, 1975), we applied *Lansdale* to a college-level teacher. So far as I can determine this court has never ruled on whether a teacher at the high school level may have an equal protection claim of constitutional dimension arising from discrimination against him based upon his having a beard or upon the length of his hair. Since the above cases from this circuit were decided the Supreme Court in *Kelley v. Johnson*, 425 U.S. 238, 96 S.Ct. 1440, 47 L.Ed.2d 708 (1976), upheld the dismissal of the claim of a policeman attacking on Fourteenth Amendment grounds a police department regulation controlling hair length, mustaches, beards and wigs. The county government did not prevail, however, on the ground that the policeman's claim was not of constitutional dimension but rather upon the ground that there was a rational relationship between the regulation and the promotion of safety of persons and property through the means of a police department.[2]

---

1. For a recent application of the "wholly unsubstantial and frivolous" doctrine as warranting dismissal, see *Southpark Square Limited, etc. v. City of Jackson, Mississippi*, 565 F.2d 338, 341–42 (5th Cir. 1978).

1. Additionally, in Ball's earlier appeal this court initially gave the same ground (though in different words: "Ball has not demonstrated that he has any Federally protected right which has been violated") as the basis for affirming the district court's order in which it had abstained pending Ball's pursuit of state court remedies. *Ball v. Bd. of Trustees of Kerrville Indep. School Dist.*, 434 F.2d 1040 (C.A.5, 1970). Then, on petition for rehearing, the court withdrew that opinion and substituted a Rule 21 affirmance. *Ball v. Bd. of Trustees of Kerrville Indep. School Dist.*, 442 F.2d 408 (C.A.5), *cert. denied*, 404 U.S. 865, 92 S.Ct. 58, 30 L.Ed.2d 108 (1971). The court's withdrawal of its initial opinion was neither res judicata nor law of the case. But, to say the least, it is unfortunate judicial administration to recede from the stat-

ed ground of decision that plaintiff has no cause of action, decide the case under the unrevealing cloak of Rule 21, and then years later, in a second appeal and after plaintiff has attempted repeatedly and unsuccessfully to get his claim heard in federal court, disinter the ground previously withdrawn and notify the plaintiff that all along he never had a federal cause of action at all.

2. In reaching this determination the Court considered factors bearing upon the government's right to make choices concerning organization, dress and equipment of policemen, such as the desire to make policemen readily recognizable to the public through their uniformity of appearance, and the desire for esprit de corps which such similarity might inculcate in the officers. It hardly seems possible that such considerations apply to a high school teacher, but in any event this would be an issue for a trial court to address and decide.

Ball would be entitled to his day in court on the equal protection claim unless there is some barrier. The order of the district court, denying Ball's motion to reinstate his federal case on the ground that he had not litigated in the state proceedings in a good faith adversary manner, is not a barrier.[3] But there is another barrier. Ball's claims have been vindicated in state court to the extent they are not patently illusory. He had a one-year contract for the 1969–70 school year, and no tenure. On this appeal he only urges a right to reinstatement because his contract was terminated for a reason not constitutionally acceptable.[4] On the second state appeal the Court of Civil Appeals granted Ball his full salary for the 1969–70 school year, with interest.[5] One can speculate that if Ball had been reinstated immediately upon filing his federal suit, then when contract renewal time came in March 1970 the school board might have renewed his contract for the 1970–71 school year, and then in March 1971 for another year, and so on until the present. On the facts of this case, the theory blinks at reality. In January 1970 the State Board entered its order, overturning the purported termination of Ball's contract. Thereafter Ball informed the school board that he desired to resume teaching. In January and February 1970 the school board considered Ball's case at its meetings but took no action on either back pay or reinstatement. On February 17, it appealed the State Board's order to the state trial court. At contract renewal time in 1970, and for six years thereafter, the school board and Ball were locked in mortal combat over whether he had been validly discharged. Under these circumstances the state court's judgment for salary for the 1969–70 school year was full vindication for such rights as were not illusory. The federal district court was not required to crank up the federal judicial machinery to enter a declaratory order that Ball was entitled to reinstatement in 1970 but not entitled to relief because he has been paid by a state court judgment for the full period that, in all good sense, his reinstated status would have lasted.

---

3. As he was entitled to do where the federal court had invoked *Pullman* abstention (*Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941)), pursuant to *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964), Ball reserved his federal issues for later determination in federal court. Stripped to its essentials, the approach of the federal district court effectively overrode *England* under the rubric of requiring Ball to litigate in state court in a good faith adversary manner. Abstention, a neutral concept of standing aside while the state acts, was converted into an affirmative requirement of exhausting state remedies as a prerequisite to federal jurisdiction.

4. But it is plain that if the district court declared he had such a right, Ball would claim back pay for the period from the 1970–71 school year to the date of judgment (less earnings elsewhere).

5. *Ball v. Kerrville Indep. School Dist.*, 529 S.W.2d 792 at 795 (Tex.Civ.App.1975, *error ref'd, n. r. e.*).