**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2330
_____

RYAN P. GIVEY,
                              Appellant

v.

UNITED STATES DEPARTMENT OF JUSTICE;
JENNIFER ARBITTIER WILLIAMS

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:22-cv-00298)
District Judge: Honorable Nitza I. Quinones Alejandro

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on December 21, 2023

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: December 26, 2023)

_____

---

## OPINION[*]

---

PER CURIAM

In January 2022, pro se appellant Ryan Givey filed a petition for a writ of mandamus in the District Court.[1] The respondents are the U.S. Department of Justice and Jennifer Arbittier Williams, who at the time was the United States Attorney for the Eastern District of Pennsylvania. In his petition, Givey states that he is the target of a wide-ranging conspiracy that has caused him misfortune in various aspects of his life. He alleges that a network of hostile figures has conspired to, among other things, have him wrongfully declared mentally ill, harm him professionally, isolate him from his family, surveil him 24 hours a day, and undermine his legal interests. He believes that the network includes secret societies (particularly the Freemasons), the mob, government officials, and his own attorneys.

Givey's mandamus petition asks the District Court to order the DOJ and Williams to investigate and prosecute the network's crimes against him. It also asks that Givey, his children, and his supporters be admitted to the federal witness protection program. The District Court dismissed the petition under Federal Rule of Civil Procedure 12(b)(1). The District Court held that Givey's petition was so insubstantial and implausible that it

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Givey's petition also included a "Motion for Temporary Emergency Injunction," which the District Court denied.

presented no actual federal case or controversy, thus depriving the court of subject-matter jurisdiction to hear the claims. Givey appeals.[2]

We agree with the District Court. Some claims are "so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy." Oneida Indian Nation of N.Y. v. Oneida Cnty., 414 U.S. 661, 666 (1974). Federal courts lack power to entertain such claims. A claim meets the standard for dismissal if it is "obviously without merit" or its unsoundness so clearly results from previous Supreme Court decisions "as to foreclose the subject." Cal. Water Serv. Co. v. City of Redding, 304 U.S. 252, 255 (1938) (per curiam); see also Davis v. Wells Fargo, 824 F.3d 333, 350 (3d Cir. 2016); Taussig v. Wellington Fund, Inc., 313 F.2d 472, 475 (3d Cir. 1963). As a pro se appellant, Givey is afforded liberal construction of his pleadings. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972) (per curiam). And the standard for dismissing a federal claim as wholly insubstantial is "especially high." Hill ex rel. Republic First Bancorp Inc. v. Cohen, 40 F.4th 101, 111 (3d Cir. 2022) (quoting Davis v. U.S. Sentencing Comm'n, 716 F.3d 660, 666 (D.C. Cir. 2013)). But even when viewing the well-pleaded facts in the light most favorable to Givey, his claims are "so attenuated and unsubstantial as to be absolutely devoid of merit," "wholly insubstantial," "obviously frivolous," "plainly unsubstantial," or "no longer open to discussion." Hagans v. Lavine, 415 U.S. 528, 536–37 (1974) (quotation marks and citations omitted).

---

[2] We have jurisdiction under 28 U.S.C. § 1291. In reviewing a dismissal under Rule 12(b)(1), we review only whether the well-pleaded allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the subject-matter jurisdiction of the District Court. Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006).

Givey has undoubtedly had many struggles over the last nine years involving, among other things, his doctoral program, his family, his job, his application for disability benefits, his attorneys, and his rental properties. But given his efforts to weave these allegations into a vast conspiracy against him, as well as the outlandish nature of some of his claims (such as a secret society spending eight years hiring Givey's friends and family in order to turn those people against him), we agree that his petition was so insubstantial as not to present a federal case or controversy. Thus, the District Court lacked subject matter jurisdiction and therefore lacked the power to adjudicate Givey's mandamus petition.

For these reasons, the District Court's order is affirmed.