Ricky NALLEY, Plaintiff,

v.

DOUGLAS COUNTY; Douglas County Commission; C. L. "Charlie" Dodson, C. Marion Garrett, Roy L. Hamrick, individually and in their capacities as Douglas County Commissioners; Douglas County Personnel Review Board; William D. Zachmeyer, Robert S., Alexander, Jean Lloyd, individually and in their capacities as members of the Douglas County Personnel Review Board, Defendants.

Civ. A. No. C79–1525A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 29, 1980.

---

Bruce H. Morris, Clinton E. Deveaux, Atlanta, Ga., for plaintiff.

Warren C. Fortson, Harvey S. Gray, Atlanta, Ga., for defendants.

## ORDER OF COURT

HORACE T. WARD, District Judge.

The plaintiff[1] in this action under 42 U.S.C. § 1983, a former employee of the Douglas County, Georgia Road Department dismissed for wearing a beard in violation of county regulations, seeks reinstatement, back pay, damages, and attorneys' fees for this claimed violation of his constitutional rights. Both sides to this dispute agree that it is one appropriate for summary adjudication in that there are no material contested facts; plaintiff has made a motion for judgment on the pleadings and the defendant has moved for summary judgment. The plaintiff's motion will be treated as one for summary judgment since it relies on facts outside the pleadings. Fed. R.Civ.P. 12(c).

Ricky Nalley has grown a beard every winter since he has been old enough to grow one. He worked for the Douglas County Road Department from July 21, 1976 through September 2, 1976 and from April 5, 1978 until November 1, 1978, and grew a beard during the fall of 1978, as was his practice. At a 1979 personnel board hearing Nalley testified that he grew a beard during the colder months of the year to protect his face while working outside and while hunting. He stated that he did not have a medical reason for doing so and shaved it off in the summer months because of the heat. After he had grown his 1978–1979 beard the Douglas County Commission adopted a dress code forbidding beards. The regulation read as follows:

6(2). MALE PERSONNEL–

Hair should be kept neat and clean and above the collar. Faddish and long hair styles are not appropriate in the professional departments and are not considered safe for the maintenance or construction related employees. Sideburns should be well–trimmed, and the face should be clean shaven; however, a small mustache is acceptable.

The Superintendent of the county road department testified that the beard worn by Nalley was neat, that he had never known it to interfere with Nalley's work, and that Nalley had grown the beard prior to adoption of the dress code. When the new regulation went into effect Nalley was given one day by the superintendent to comply. When he informed the superintendent that he would not, he was terminated. The Douglas County Personnel Review Board, also a defendant, upheld the firing. Plaintiff claims that his termination was based on a "non–merit" reason under Chapter IX, Section 4 of the rules and regulations for county employees and that he is therefore entitled to reinstatement without loss of pay.

The county contends that the regulation is a rational one necessary to achieving the goals of its Roads Department. An affidavit of the county commission chairman attached to defendants' motion for summary judgment states that the dress code was adopted "to insure [sic] that the employees presented a neat and clean image to the tax paying public and that the long hair and beards would not interfere with the safety of personnel working with machinery." Plaintiff bases his action on the Civil Rights Act and a large portion of the Bill of Rights, but the spearhead of his complaint is that the regulation against beards and its application to him violated his freedom of expression under the First Amendment and also his "fundamental right to earn his livelihood," the constitutional basis of which is not clearly set forth. Since the court finds that the beard regulation infringed Nalley's freedom of expression and is therefore unconstitutional as applied to him, it need not reach the other, presumably penumbral

---

1. The present case was apparently intended to be a class action, but plaintiff has not pursued this route. The present order addresses only Nalley's situation vis-a-vis Douglas County, not that of any class.

right, nor the additional constitutional grounds raised.

The parties and the court agree that the controlling case, or at least the most relevant United States Supreme Court opinion, is *Kelley v. Johnson,* 425 U.S. 238, 96 S.Ct. 1440, 47 L.Ed.2d 708 (1976). The *Kelley* Court held that a state subdivision could constitutionally restrict facial hair of its male police officers because of its strong interest in having law enforcement personnel present a uniform appearance to the public. Whether the goal of this similarity was ready public recognition or the fostering of an esprit de corps, facial hair prohibitions were a rational means of achieving these legitimate objectives. *Id.* at 248, 96 S.Ct. at 1446. The defendants contend that *Kelley* bars the relief sought by plaintiff in the instant case since Nalley is a county employee.

The Fifth Circuit has held that a public school teacher's liberty interests were not infringed when he was terminated for refusing to shave a beard. *Ball v. Board of Trustees of the Kerrville Independent School Dist.,* 584 F.2d 684 (5th Cir. 1978). The Court of Appeals found in that case that no substantial federal question was present and that the claim was frivolous. Judge Godbold's concurrence to the opinion pointed out that the Supreme Court in *Kelley* had not found for the county government because the policeman's claim was frivolous, but because his liberty and expression interests were outweighed by the state's law enforcement goals. Judge Godbold supported the Kerrville schools because the teacher had already substantially prevailed on his claim in the state courts by an award of full salary for the year in question.[2]

The present case offers few of the justifications for hair and other personal appearance regulations that are found in the cases of policemen and teachers. County road crews need not have an esprit de corps and

whether the public instantly recognizes them as road maintenance personnel is of little importance, even assuming that hair length regulations would foster such spirit and recognition.

There is no question that the burden of proving a statute unconstitutional is on the party challenging its validity. *Kelley,* 425 U.S. at 247–48, 96 S.Ct. at 1445–1446. But to set a burden of proof on plaintiffs by presuming legislation constitutional, as the Supreme Court has done, is not to mandate a finding of constitutionality. The instant regulation is so unconnected to any legitimate state goal that it cannot be applied as it was here.

Mr. Justice Powell, concurring in the *Kelley* decision, wrote that he found

> no negative implication in the opinion with respect to a liberty interest within the Fourteenth Amendment as to matters of personal appearance. . . . When the State has an interest in regulating one's personal appearance, as it certainly does in this case, there must be a weighing of the degree of infringement of the individual's liberty interest against the need for the regulation. This process of analysis justifies the application of a reasonable regulation to a uniformed police force that would be an impermissible intrusion upon liberty in a different context.

425 U.S. at 249, 96 S.Ct. at 1447. *See also East Hartford Educ. Ass'n v. Board of Educ. of Town of Hartford,* 562 F.2d 838, 841 (2d Cir. 1977) ("The right to control one's own body, recognized by Supreme Court decree as constitutionally derived, . . . extends in the minds and hearts of many individuals to the body's teguments, be they clothing or hair."), *rev'd en banc,* 562 F.2d 856 (2d Cir. 1977); *Karr v. Schmidt,* 460 F.2d 609, 621 (5th Cir. 1972) (Wisdom, J., dissenting) (en banc, 8–7), *cert. denied,* 409 U.S. 989, 93 S.Ct. 307, 34 L.Ed.2d 256 (1972).

---

2. The court declines to follow *Jacobs v. Kunes,* 541 F.2d 222 (9th Cir. 1976), relied on by the defendants. In that case the Ninth Circuit Court of Appeals extended the holding in *Kelley* to all public employees, but did not discuss

the Supreme Court's reasons for finding that states had particularly strong justifications for regulating the personal appearance of policemen, nor why these applied to clerks in a county assessor's office.

As the instant regulation would be constitutional if applied to policemen and other public servants whose roles are subsumed by the *Kelley* decision the court will not strike it down for facial overbreadth. Rather, it merely holds that as applied to plaintiff Nalley, the regulation impermissibly restricted his protected rights to expression and personal liberty. When his interest is weighed against the county's wish to have its road maintenance crews present a uniformly clean–shaven appearance to taxpayers the constitutional safeguards prevail. It was evident from the transcript of the review hearing that uniforms for road workers are subsidized by the county but not required, indicating that the asserted goals of uniformity are not highly prized even by the enacters of the regulation.

The question of employee safety presents a more difficult question as the goal of preventing injury is less illusory. There is little evidence in the record on this point, the only material concerning it having been submitted by plaintiff. At the review hearing the Superintendent of Roads for Douglas County admitted that he could not recall any instance in which the plaintiff's beard had interfered with his work and that he would not expect any interference. In light of the type of work involved and the fact that the weight of proof favors the plaintiff, the court determines that the slight degree, if any, to which the rule may further safety of road workers is outweighed by the infringement of Nalley's rights. He has met his burden of proving, if not that the regulation is unconstitutional on its face, at least that as applied to him it violates the Bill of Rights.

Summary judgment is therefore GRANTED for the plaintiff, and DENIED for the defendants. Plaintiff is ORDERED to submit to the court in writing, within thirty (30) days of the entry of this order, a calculation of the amount of this judgment. Defendants are ORDERED to respond within an additional fifteen (15) days with any objections which they may have to these calculations. A final judgment will then be entered.